# AUSTIN *v.* DILDAY

No. 3062

August 6, 1934.                    34 P. (2d) 1073.

See, also, 55 Nev. 1, 23 P. (2d) 504.

*Henderson & Marshall,* for Appellant:

*Harry H. Austin,* for Respondent:

## OPINION

*Per Curiam:*

This action was commenced by Mary Hortense Proctor to recover damages alleged to have been sustained by reason of defendant's negligence while riding in an automobile with her.

After the trial of the case but before judgment was rendered, Mrs. Proctor died, and the action was revived in the name of her administrator. The defendant has appealed from the judgment and from the order denying a new trial.

We will first consider the contention that the evidence does not justify the judgment and the findings.

The court found that while the deceased was riding with the defendant as his guest, the car in which they were riding, as a result of the negligence of defendant in operating the car at an excessive speed, overturned; that the road over which the defendant was driving, at the time of the accident, "was rough, choppy and full of small potholes, some of which was partly filled with loose dirt, dust and desert sand, and that there was a slight depression on both sides of the improved portion of said roadway, immediately adjoining and parallel to the same, for some considerable distance, both ways from and at the place of said accident, and that all of the foregoing facts were well known to this defendant prior to and at the time of said accident."

The court also found that for several months prior to and at the time of the accident, the steering gear on

defendant's automobile was defective, in that the control, movement, direction, and guidance of the front wheels of the same did not at all times quickly, readily, and truly respond to the movement of the steering wheel of said car, thereby rendering it impossible for the driver of said car to at all times direct its course, and that during all of such time said defective condition of said steering gear was well known to the defendant, but not known to the deceased.

The court further found: "That if said automobile had been in proper condition and properly propelled and controlled by this defendant, at the time of said accident, in the usual and ordinary manner, and driven over said road at a reasonable rate of speed, said accident would not have occurred and no injury would have resulted to plaintiff's testatrix, Mary Hortense Proctor."

Does the evidence support the findings and judgment? We think it is clear that it does not, and, it so appearing, the judgment must be reversed. Valverde v. Valverde, 55 Nev. 82, 26 P. (2d) 233.

To demonstrate this conclusion does not, in our opinion, necessitate a very extensive review of the evidence.

The trial court found as a fact that the defendant at the time of the accident was driving at the rate of at least thirty-five miles an hour. This finding is supported by the evidence. The plaintiff called one witness who testified that it was not dangerous to travel over the road in question at the rate of thirty-five miles an hour. This witness was James H. Down. His testimony stands unquestioned and uncontradicted, and, coming from the mouth of a witness produced by the plaintiff, it would seem to be conclusive to show that the defendant was not guilty of negligence in the manner of driving, which is the sole basis of negligence asserted by the plaintiff in the complaint.

The defendant produced James Foxley, a witness of wide experience with automobiles, and traffic officer at the time of the accident, who corroborated plaintiff's witness on this point. These were the only witnesses

who testified as to this question, both of whom inspected the road soon after the accident.

But the court also found that at the time of the accident, and for some time prior thereto, the steering gear of the car in question was so defective as at times to prevent its readily responding to the efforts of the driver thereof, and it appears that the court was influenced in reaching its judgment because of this finding, coupled with the other finding mentioned as to negligence. We do not find a scintilla of testimony to support this finding. The only witness who testified as to the condition of the steering wheel prior to the accident was the defendant, and he testified that at one time the steering wheel did not work well, but that he had had it fixed in Los Angeles, since which time he had had no trouble with it.

The witness Robbins testified to examining the car shortly after the accident, and to finding the steering arm of the car bent forward to such an extent (2½ inches) that it was possible to turn the car to the right but not possible to turn it to the left. It was evidently this testimony which influenced the court in reaching the conclusion that the car was not in proper condition to be controlled by the defendant. As we read the evidence, the condition of the steering arm testified to by Robbins was the result of the accident, for the reason that Mrs. Proctor at no time testified that the car could not be turned to the left by defendant, but she did testify that while driving "it (car) hit a bump and then the car went to the left and quite a little way to the left." Furthermore, the defendant testified:

"Q. Now, after you had gotten about five miles from town you turned around? A. Yes, sir.

"Q. Was that just on the other side of Mr. Gregory's house was it not? A. Yes, sir.

"Q. Which way did you turn, to the right or to the left? A. Turned to the left."

After the above testimony was given, the plaintiff was recalled, but did not deny the above testimony; hence it stands unquestioned that the car was turned to

the left only a few minutes before the accident, which clearly conclusively disproves the theory that there was something wrong with the steering gear prior to the accident.

For the reasons given, the order and judgment must be reversed.

Counsel for appellant also contend that the judgment should be reversed for the reason that it was entered subsequent to the death of Mrs. Proctor and prior to the substitution of the administrator of her estate.

We do not deem it necessary to decide this question, but in view of the fact that our statute applicable to the situation was taken from California, we invite attention to the following cases: Judson v. Love, 35 Cal. 463, at page 469; McCreery v. Everding, 44 Cal. 284; 1 Cal. Jur. p. 59.

It is ordered that the judgment and order appealed from be reversed and that the case be dismissed, at cost of plaintiff.

### ON PETITION FOR REHEARING

October 1, 1934                    36 P. (2d) 359.

1. APPEAL AND ERROR.
> Respondent, having declined to argue motion to dismiss appeal, *held* to have waived his right to insist upon it.

2. NEGLIGENCE.
> Doctrine of res ipsa loquitur *held* inapplicable where complaint is predicated upon specific acts of negligence only.

3. APPEAL AND ERROR.
> It is common practice to order dismissal of case when it appears that no case is made out, nor can be made.

## OPINION

*Per Curiam:*

Counsel for respondent has filed a petition for a rehearing upon the ground, among others, that we did not dispose of respondent's motion to dismiss the appeal.

1. This case was set for oral argument on June 18, last, on which day counsel for respective parties

appeared in court. Counsel for appellant made his opening argument on the merits, whereupon counsel for respondent argued the case upon the merits. At the conclusion of his argument, counsel for respondent stated, according to the notes of the court reporter and our memory: "There was a written notice to dismiss the appeal from the judgment. I won't argue it." No further allusion was made to it by either counsel. Thereupon counsel for appellant made his closing argument, and the case was ordered submitted.

In this situation, the court naturally assumed counsel for respondent had waived his motion to dismiss the appeal. It has always been the practice to make and argue a motion to dismiss, when one was insisted upon, prior to the argument on the merits, and the general understanding by the court has been that if not done before argument on the merits, it is waived, though the notice of motion be given in apt time. Respondent must be held to have waived his right to insist upon his notice of motion to dismiss.

Respondent also seems to contend that we did not dispose of the finding of the trial court to the effect that the steering gear of the defendant's car was defective and contributed to the accident. We covered this finding to our entire satisfaction, and think it unnecessary to add more to what was said on this point.

2. It is contended that under the rule stated in the case of Ireland v. Marsden, 108 Cal. App. 632, 291 P. 912, a rehearing should be granted. As to this contention, whatever else might be said, it appears that there is no allegation in the complaint bringing the case within the doctrine of res ipsa loquitur. The cause of action set forth in the complaint is predicated upon specific acts of negligence only, and was tried upon that theory only. As said in Connor v. Atchison, T. & S. F. Ry. Co., 189 Cal. 1, 207 P. 378, 22 A. L. R. 1462:

"The general rule is that, where the plaintiff in his complaint gives the explanation of the cause of the accident, that is to say, where the plaintiff, instead of relying upon a general allegation of negligence, sets

out specifically the negligent acts or omissions complained of, the doctrine of res ipsa loquitur does not apply."

See, also, Marovich v. Central Cal. Traction Co., 191 Cal. 295, 216 Pac. 595; 19 Cal. Jur. p. 713, sec. 127.

Such is the well-recognized general rule. 45 C. J. p. 1225. The point is not well taken.

3. It is said we should not have ordered the dismissal of the case; that in so doing the court acted only upon the record before it, and has not undertaken to delve into any equities dehors the record. It is a common practice to order a dismissal of a case when it appears that no case is made out, nor can be made. From a consideration of the record, it appears no stronger case can be made. Equities such as suggested cannot be considered now or at any other time.

Rehearing denied.