Samuel KWESKIN

v.

Jay L. FINKELSTEIN.

No. 11392.

United States Court of Appeals
Seventh Circuit.

June 23, 1955.

Leo J. Spivack, Thomas Masuda, Chicago, Ill., for appellant.

Harry H. Krinsky, Chicago, Ill., for appellee.

Before DUFFY, Chief Judge, and SWAIM and SCHNACKENBERG, Circuit Judges.

DUFFY, Chief Judge.

This is an action for treble damages under § 205, Housing and Rent Act of 1947, as amended.[1] Plaintiff charged that defendant demanded of plaintiff the payment of $1,000 as a condition precedent to renting to him a certain apartment in the city of Chicago, Illinois, and that plaintiff paid such sum. The trial was to the Court.

 At the threshold we are confronted with defendant's motion to dismiss the appeal on the ground that the appeal was not taken within the time limitations provided by the Federal Rules of Civil Procedure, 28 U.S.C.A. The judgment herein was entered October 21, 1954. Although the notice of appeal was not served and filed until December 14, 1954, a written motion for a "new trial or in the alternative to alter and amend the judgment" was served on defendant's attorney on October 28, 1954. This was within 10 days of the date of the entry of the judgment.

Rule 73, Federal Rules of Civil Procedure provides:

"(a) When an appeal is permitted by law from a district court to a court of appeals the time within which an appeal may be taken shall be 30 days from the entry of the judgment appealed from unless a shorter time is provided by law, * * *. The running of the time for appeal is terminated by a timely motion made pursuant to any of the rules hereinafter enumerated, and the full time for appeal fixed in this subdivision commences to run and is to be computed from the entry of any of the following orders made upon a timely motion under such rules: granting or denying a motion for judgment under Rule 50(b); or granting or denying a motion under Rule 52(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; or granting or denying a

motion under Rule 59 to alter or amend the judgment; or denying a motion for a new trial under Rule 59."

Rule 59(b), Federal Rules of Civil Procedure provides:

"A motion for a new trial shall be served not later than 10 days after the entry of the judgment."

Rule 73 specifically provides that the running of the time for appeal is terminated by a timely motion made pursuant to certain enumerated rules. We see no significance in the fact emphasized by defendant, that Rule 73 refers to a timely motion *made* and the provision in Rule 59 that a motion for a new trial shall be *served*. However, defendant argues that a timely motion was not made because it was filed with the Clerk of the Court without any leave being granted therefor by the Court. Understandably, no citation of authority is given to support defendant's unique position. We believe that no such authority exists. We think defendant's claim that the appeal was too late, is entirely without merit.

The only finding of fact made by the Court in addition to the place of residence of each of the parties was that plaintiff failed to prove the material allegations of the complaint. Judgment was entered in favor of defendant.

 The finding that plaintiff failed to prove the allegations of the complaint is not a finding of fact but is a conclusion of law. Under Rule 52(a), Federal Rules of Civil Procedure, it is the duty of the trial court to "find the facts specially and state separately its conclusions of law thereon." A fair compliance with this rule is mandatory. Bowles v. Russell Packing Co., 7 Cir., 140 F.2d 354, 355. Findings of fact on every material issue are a statutory requirement. Bank of Madison v. Graber, 7 Cir., 158 F.2d 137, 141. As stated by this Court in Dearborn Nat. Casualty Co. v. Consumers Petroleum Co., 164 F.2d 332, 333, "There must be such sub-

1. Title 50 U.S.C.A.Appendix, § 1895(a).

sidiary findings of fact as will support the ultimate conclusion reached by the court. Kelley et al. v. Everglades Drainage District, 319 U.S. 415, 420, 422, 63 S.Ct. 1141, 87 L.Ed. 1485."

We are reluctant to remand this or any other case in order to have the proper findings entered. We realize that such a remand will involve a delay and additional expense for each of the parties. Under Title 28 U.S.C.A. § 2106 we have the authority to affirm, modify or reverse the judgment, and we might consider the failure to make adequate findings of fact as non-reversible error if we can ascertain from the record that one party or the other is clearly entitled to judgment in his favor. We have carefully read all of the testimony and have considered the exhibits received into evidence.

Certain facts are not in dispute. Defendant was the beneficial owner of a certain apartment building in Chicago, which building and apartments were subject to the provisions of the Housing and Rent Act of 1947, as amended. For some time previous to March, 1952, one Deemar had been the tenant in defendant's apartment 5–A. Desiring to terminate the tenancy and to sell his furniture, Deemar contacted defendant, as the result of which the sum of $1,000 was later paid to the defendant.

In order to consider the testimony most favorable to defendant as to the transaction whereby he was paid $1,000, we set forth several quotations from the defendant's testimony upon the trial:

"Mr. Deemar said that he was building a new home, and that he wanted permission to sell his furniture. The conversation was that I asked him for $1,000 for that permission to sell his furniture."

"He asked me if I would permit him to sell the furniture, and I said to him that if he wanted to sell the furniture I wanted $1,000. It wasn't a question of finding a tenant."

"At that time he said that he had a prospect to sell his furniture, and he mentioned the party's name, Mr. Kweskin. And he said that if I would approve of him that he would give me $1,000. That was in consideration for permitting him to sell the furniture."

Defendant also testified that he had forty or fifty prospects or applicants for the apartment in question, but that he agreed to accept the tenant who was going to buy Deemar's furniture.

It is also without dispute that Deemar obtained approval from the office of the Federal Housing Administrator to sell his furniture located in apartment 5–A for a maximum price of $1,500. The testimony of both Deemar and plaintiff shows that $1,500 of the total sum of $2,500 paid by plaintiff was for the purchase of Deemar's furniture. We are unable, after reading the record, to understand why the trial court concluded plaintiff did not prove the material allegations of his complaint, unless the court concluded, for some reason not apparent to us, that plaintiff and the witnesses who appeared in his behalf, were not worthy of belief. Without adequate findings, we are left in the dark. Certainly, we are unable to say that the judgment of the trial court was correct.

On the authority of such cases of this Court as Smith v. Dental Products Co., Inc., 7 Cir., 168 F.2d 516; Maher v. Hendrickson, 7 Cir., 188 F.2d 700; and In re Rockford Baseball Club, Inc., 7 Cir., 201 F.2d 685, the order of the District Court is reversed and the cause remanded to make specific findings with reference to the material issues in this case, and thereafter, to render judgment thereon.

Reversed.