GARIBALDI BROS. TRUCKING CO., a Corporation, and CHARLES F. THOMAS, Appellants, *v.* HELEN WALDREN, Respondent.

No. 3899

February 12, 1958.                    321 P.2d 248.

*Vargas, Dillon and Bartlett* and *Springer and McKissick,* of Reno, for Appellants.

*Leslie E. Riggins,* of Reno, for Respondent.

## OPINION

By the Court, BADT, C. J.:

This appeal is taken from a judgment of the district court of the Second Judicial District in favor of the plaintiff for damages resulting from injuries to the plaintiff's horse while being transported by defendant corporation, which necessitated destruction of the animal.

(1) Error is assigned in the trial court's allowing

plaintiff to proceed upon a theory of defendant's liability as a common carrier, its liability for "ordinary negligence", and under the doctrine of res ipsa loquitur, without requiring her to elect; (2) as a corollary, in the court's making affirmative findings on all of these three issues; and (3) that the evidence is insufficient to support a finding of liability on any one of them. We have concluded that there is no merit in any of these assignments.

The facts are briefly as follows: The defendant was engaged to haul a number of horses, property of various individual members of a Reno riding group, known as the "White Hats", from Reno to Sutcliffe, Nevada. Defendant's truck and trailer arrived, driven by the agent of defendant, to load the horses. The trailer was equipped to haul horses, having available partitions for the purpose of providing support for the horses and for separating them. These partitions, however, were not used, except in the case of one horse known to have vicious propensities. The driver of the truck had complete charge of loading the horses, and the agent of the plaintiff made delivery of the horses to the driver at the ramp leading into the trailer. The driver had complete control of the horses and the equipment, and they were in his exclusive possession during the entire trip to Sutcliffe. Upon arrival at the destination, the truck was seen to lurch and jerk as the driver maneuvered the truck through a gate; and the horses were heard screaming and floundering in the trailer. When the horses were unloaded, it was discovered that the plaintiff's horse had a broken leg and had to be destroyed.

Plaintiff's complaint sets out her three theories of her right to recover damages by way of three separate causes of action against defendant, (1) under its liability as a common carrier, (2) by reason of its negligence, and (3) under the doctrine of res ipsa loquitur. The court made separate findings favorable to each count, found the value of the horse to have been $3000, and that plaintiff was entitled to judgment for damages in said sum.

(1) Appellant contends that, despite the liberality of our rules of pleading,[1] plaintiff should have been compelled to elect one of what it denominates "three inconsistent theories" of her case. In any event, plaintiff's three counts were not inconsistent. The inference of negligence that may be drawn under proper circumstances under the doctrine of res ipsa loquitur does not preclude proof of general negligence or particular acts of negligence. Leet v. Union Pac. R. Co., 25 Cal.2d 605, 155 P.2d 42, 158 A.L.R. 1008, cert. denied 325 U. S. 866, 65 S.Ct. 1403, 89 L.Ed. 1986. Otherwise plaintiff would be penalized for going forward and making as specific a case of negligence as possible, a procedure whose end result is not injurious to the defendant. Leet v. Union Pac. R. Co., supra. So long as the actual cause of injury remains unknown, proof of acts of negligence which *may* have been the cause is not inconsistent with the doctrine but actually supports the inference which the doctrine raises. Nor is there any inconsistency in alleging negligence on the part of a carrier of livestock simply because the defendant is also alleged to be liable as a common carrier. Paraphrasing the language of the court in Reconstruction Finance Corporation v. Goldberg, 7 Cir., 143 F.2d 752, 756, in which plaintiff sought to fix defendant's liability under three separate theories pleaded, the most that can be said of the complaint is that it stated different theories under which defendant's liability might be shown.

(2) Corollary to the foregoing is defendant's assignment of error that it cannot be determined from the judgment upon which theory its liability was based.

Appellant relies on Rule 52 NRCP, which requires that "the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment." It devotes

---

[1] NRCP Rule 8(e) (2) : "* * * A party may also state as many separate claims or defenses as he has regardless of consistency * * *."

a large part of its brief to quotations from cases in which federal appellate courts "have frequently had to warn the lower court judges of the importance of making appropriate findings". However, it does not appear that either the requirements of Rule 52 or the admonitions of the federal courts interpreting their corresponding rule were in any respect violated by the trial court. Under NRCP Rule 54(c), "* * * every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled * * *". The trial court made findings on all of the grounds pleaded and, based on such findings, granted the relief to which it concluded plaintiff was entitled.

(3) It is contended that the facts did not support a finding on any of the three theories pleaded by plaintiff. The first theory upon which plaintiff relies is that of res ipsa loquitur, which was recognized and applied by this court in the case of Las Vegas Hospital Ass'n v. Gaffney, 64 Nev. 225, 180 P.2d 594, 598, wherein the court stated: "The conclusion to be drawn from the cases as to what constitutes the rule of res ipsa loquitur is that proof that the thing which caused the injury to the plaintiff was under the control and management of the defendant, and that the occurrence was such as in the ordinary course of things would not happen if those who had its control or management used proper care, affords sufficient evidence, or, as sometimes stated by the courts, reasonable evidence, in the absence of explanation by the defendant, that the injury arose from or was caused by the defendant's want of care."

In the present case, the appellant contends that the doctrine of res ipsa loquitur does not apply for two reasons, (a) that plaintiff is precluded from taking advantage of the doctrine because she also alleges specific acts of negligence, and (b) that the doctrine should not apply in the case of animals, such as horses, which are known to have vicious propensities to injure one another, that is, that this negatives the control that gives rise to the inference.

The first objection we have heretofore disposed of. Leet v. Union Pac. R. Co., supra. Nor do we find Austin v. Dilday, 55 Nev. 357, 34 P.2d 1073, 36 P.2d 359, on which appellant relies, in point.

The plaintiff here did allege and the court found that the defendant was negligent in failing properly to load the horses, and in particular that the partitions which were provided in the trailer for that specific purpose were not utilized, so that the horses were not adequately separated and supported under the circumstances; that the driver of the truck was negligent in "jerking and lurching" the truck, knowing that the horses had no support in the trailer and would likely be thrown to the floor or against one another. However, as to the actual cause of the injury or the immediate circumstances under which it occurred, plaintiff was able only to allege that the horse's leg was found to be broken when the truck arrived at its destination. Under such situation the application of res ipsa loquitur was proper even though specific and general allegations of negligence were made and were found by the court to be true.

We are not impressed by the contention that the known propensities of horses to injure one another in shipment prevents the application of the doctrine of res ipsa loquitur. Defendant advertised its experience as a carrier of livestock and was equipped with partitions for use in such transportation. Even more convincing is the uncontradicted testimony of a veterinarian, who found no cuts, abrasions, hoofprints or marks of any kind on the fractured leg but a longitudinal fracture, some six inches in length, in the upper part of the leg near the horse's body caused apparently by the horse's falling against the side or back of the truck or through the falling of another horse upon the leg. He explained that if the horse should have slipped or stumbled so that the leg extended out at an angle from his body and another horse fell on him or against him, this could have caused the injury in question.

48

There is nothing to suggest that the propensity of horses to injure each other had anything to do with the injury to plaintiff's horse.

Since the evidence supports the lower court's finding, conclusion and judgment of liability upon application of the doctrine of res ipsa loquitur, it is unnecessary for us to examine the sufficiency of the evidence to support the finding of negligence or of liability as a common carrier.

Affirmed with costs.

EATHER and MERRILL, JJ., concur.