FLORENCE TIMNEY, Appellant, v.
WALTER J. TIMNEY, Respondent.

No. 4259

April 26, 1960                    351 P.2d 611

*Harry E. Claiborne,* of Las Vegas, for Appellant.

*Edward G. Marshall,* of Las Vegas, for Respondent.

# OPINION

By the Court, McNAMEE, C. J.:

This is an appeal from a judgment awarding the respondent husband a divorce. The only question raised on appeal concerns the award of custody of the children to respondent.

The trial court found that the children, two boys aged respectively 11 and 5, were in the custody of the respondent during the pendency of the action and it was the court's conclusion that they should remain there, except for certain visitation periods. It expressly found that appellant "is not a proper person to have custody of these minor children."

It was admitted by appellant during the trial and conceded by her attorney in his opening brief herein that appellant had been guilty of adultery. Other evidence in the record showed appellant's neglect of the children and of the household. Appellant nevertheless contends that since the court did not expressly find that respondent was a fit and proper person to have custody, the award of custody to him was error, particularly in view of the fact that he was 55 years of age while appellant was 41, and because of evidence that he had used improper language in the presence of the children. In our opinion this contention is devoid of merit.

Rule 52(a) N.R.C.P. provides that in all actions tried without a jury "the court shall find the facts specially and state separately its conclusions of law thereon." There was no allegation in respondent's complaint that he was a fit and proper person, although respondent in his answer to appellant's cross-complaint did deny that she was a fit and proper person to have custody of the minor children. The trial court made express findings on all of the material matters pleaded and the finding that the children should remain in the custody of respondent is an implied finding that he was a fit and proper person. Rule 52(a), therefore, was not violated. Garibaldi Bros. Trucking Co. v. Waldren, 74 Nev. 42, 321 P.2d 248.

It will be assumed that the court considered the present comfort and future well-being of the children as required by NRS 125.140. "The court's keen desire to make such arrangement as seemed for the best interests of the children is manifest throughout the hearing." Couturier v. Couturier, 76 Nev. 60, 348 P.2d 756.

The trial court is vested with a large discretion in determining what is for a child's best welfare. Murphy v. Murphy, 65 Nev. 264, 193 P.2d 850. Unless such discretion is abused, the judgment will not be disturbed. Goto v. Goto, 52 Cal.2d 118, 338 P.2d 450.

The lower court had the opportunity to see and observe the parties and from their demeanor on the witness stand appraise their relative fitness. Furthermore the two boys were interviewed by the judge in chambers. These circumstances, together with the abundance of evidence in the record to support the court's findings and conclusions require affirmance of the judgment.

Judgment affirmed.

BADT and PIKE, JJ., concur.