CARL POE, Appellant, *v.* LA METROPOLITANA COMPANIA NACIONAL DE SEGUROS, S.A., HAVANA, CUBA, Respondent.

No. 4272

June 13, 1960

353 P.2d 454

*Stewart & Horton,* and *John J. McQune,* of Reno, for Appellant.

*Vargas, Dillon & Bartlett,* and *Alex. A. Garroway,* of Reno, for Respondent.

## OPINION

By the Court, BADT, J.:

Appellant has appealed from the district court's judgment denying him relief for loss by fire of a truck insured by respondent. The loss occurred March 18, 1958.

Although appellant lists the issues involved in this appeal as (1) whether the representations of appellant in the application for insurance constituted fraud; (2) whether appellant's conduct in relation to respondent constituted fraud; and (3) whether appellant's representations in his application for insurance constituted misrepresentations justifying avoidance of the policy; and although appellant's conclusion is that the evidence does not justify a finding of fraud, appellant does include in his opening brief the contention that fraud was not pleaded as an affirmative defense and that this defect in the pleading requires a reversal.

In support of this contention appellant relies on NRCP Rule 8(c): "Affirmative Defenses. In pleading to a preceding pleading, a party shall set forth affirmatively * * * fraud, * * * and any other matter constituting an avoidance or affirmative defense. * * *" He also relies upon NRCP Rule 9(b): "Fraud * * *. In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. * * *"

The company's answer pleaded as a special defense: "In his application for insurance Carl Poe was guilty of misrepresentations. In reliance upon that application, certificate No. A 1087 was issued by defendant but said certificate was null and void because of such misrepresentations."

Assuming that by reason of the foregoing rules, as well as often enunciated rules of pleading prior to the adoption of the rules, that the above-quoted pleading is defective as a plea of fraud, it is nonetheless clear to us that such defective pleading cannot require a reversal in the present instant. NRCP Rule 15(b) provides: "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. * * * [F]ailure * * * to amend [to conform to the evidence] does not affect the result of the trial of these issues. * * *"

At the beginning of the trial, after plaintiff's counsel had stated the nature of his case and the court asked defendant's counsel to give his version of his defense, the latter stated: "[Plaintiff] made an application for the policy, and we contend that in the application he made certain representations [or] warranties which became a part of the policy, and that the policy was issued upon the strength of those representations and warranties, and that they were wrong. In other words, he misrepresented certain facts * * *."

During the course of the trial when respondent's application for the insurance was offered in evidence appellant, on objecting, argued: "The application is material in this case on one thing only, and that is this: did materially false representations, warranties, induce said contract? If they did, then we are out. In other words, the contract never became a contract if materially false representations induced it * * * [The application] is a representation upon which the contract is based."

Requests for sundry admissions had been made by both parties before trial. The nature of these requests, and

more particularly the answers thereto, made it abundantly evident that the asserted fraudulent misrepresentations of the plaintiff would be the basis of the defendant's defense to the action.

Although numerous objections were made to the admission of evidence at the trial, it does not appear that any of such objections were made upon the ground that fraud had not been pleaded. Appellant tried the case below on the theory that the representations made in his written application for insurance were not false and could not therefore be held to void the insurance, policy. Even in his briefs filed in the trial court, he raised no question attacking the insufficiency in pleading fraud as a defense. Under the circumstances he cannot on this appeal assume the attitude of the insufficiency of the special plea. Rule 15(b) supra. Clark County v. State, 65 Nev. 490, 199 P.2d 137. See also in general and well-recognized support of this rule 71 C.J.S. 1137, Pleading, sec. 564 (2); id. 1176, Pleading, sec. 592; id. 1146, Pleading, sec. 573.

No formal findings were made by the court and for the facts found we look to the written opinion and decision. NRCP Rule 52(a).

"It is evident that August Manke, the father-in-law of plaintiff, was the owner of the Diamond T tractor, as well as other trucking equipment; that he had been engaged in the business of public hauling in Nevada and California for a number of years and was the possessor of a certain Public Service Commission Certificate, No. 57 which was in effect on January 28, 1958, when on that day, August Manke executed an assignment of the License No. 57 and a bill of sale of the trucking equipment, including the Diamond T tractor, with the understanding being, according to the assignment and bill of sale, that Poe would assume certain indebtedness against some of the equipment, execute a $12,000 promissory note without interest payable in three years, and in addition it appears from defendant's Exhibit 6 that the

profits from the business were to be turned over to August Manke.

"August Manke's insurance on the vehicle in question with the Atlas Insurance Underwriters was cancelled on January 20, 1958, after August Manke previously had admitted committing the crime of arson.

"While one might expect a certain change in the operation of the business after January 28, 1958, there appears to be none. A random recital of those factors would indicate that the trucks and equipment remained at Mr. Manke's residence, 597 Grand Canyon Boulevard, although plaintiff's residence was 1570 Clemson Drive, that business calls concerning the use of the equipment were made to August Manke as usual; that the books of the business were kept by Mr. Manke's old bookkeeper until at least June or July, 1958; and that plaintiff didn't have access to the books until that time, some months after the fire; that while plaintiff had worked for Manke, while stationed at Stead Air Force Base, he went to work for Shoshone Bottling Works in 1956, later transferring to Pepsi Cola in 1957, where he had an 8 hour, 5 day a week job and was so employed on March 18th; that Bill and Bob Manke had been employed prior to January 28, 1958, by August Manke and were so employed after that, and although it does appear that plaintiff sought to show they were *his* employees after January 28, 1958, no social security, withholding or other employment taxes were withheld. In fact no evidence was given to show any labor payments were made by the plaintiff at any time after that.

"A fair appraisal of the entire record clearly indicates to me that matters were the same after January 28 as they were before.

"It is true that plaintiff filed an application to transfer Manke's Public Service Commission Permit No. 57 on February 5, 1958, but the transfer was not approved until August 25, 1958, and then only after two conferences with Robert Allen of the Commission.

"There is testimony that the green title certificates were endorsed by August and Mabel Manke, that they were delivered to Bill Manke to take to Carson City to

effect a transfer, that that had not been done by March 18, and that they were destroyed in the fire.

"Perhaps there are other facts, which I have overlooked, but essentially those enumerated clearly indicate a situation where Mr. Manke could not obtain any insurance on his trucks, either fire or public liability, as required by the Statutes of Nevada, that a scheme was devised whereby a sale would ostensibly be effected whereby Poe would become the new owner, who would then be able to procure insurance and keep the trucks running."

The written application for insurance contained the following:

"This application shall not be binding on Underwriters unless and until a policy shall be issued and delivered in accordance herewith * * * and in accordance with all terms thereof and the said applicant hereby covenants and agrees to and with Underwriters that the foregoing statements and answers are a just, full and true exposition of all the facts and circumstances with regard to the risk to be insured, insofar as same are known, to the applicant, and the same are hereby made the basis and condition of this insurance."

The learned trial judge commented that in answer to questions, appellant stated on the application: "Has permit in Nevada" when in fact he did not; that, having the opportunity of describing the true facts in answer to other questions, he chose not to answer. The court referred to the occasions of his giving his home address as his business address and garage address, whereas the business was conducted and the truck kept in garage, as in the past, at the premises of appellant's father-in-law; that appellant's statement that he operated all equipment owned was not in accordance with the fact. The court held that the matters were material and that they did not give the true picture of ownership, operation, or business experience; that the representations were not just, full, and true, and that the situation warranted a conclusion that judgment must be entered for the defendant.

The record contains substantial evidence justifying the trial court's conclusion that the false representations induced the contract of insurance.

Error is asserted in the admission in evidence, over objection, of the written confession of August Manke that he had been guilty of arson on January 7, 1958 when he set fire to his home. As a result of this confession, the insurance company canceled the then existing fire insurance. The only grounds of the objection were that the written confession was "hearsay and upon the further ground that it is not relevant or germane to any issue in this case." Appellant's failure to make a full disclosure made the statement relevant to the issue of misrepresentation. It was not offered to prove the truth of the matters therein stated, but only the fact of its execution. Whether true or not, it tended to justify respondent's cancellation of the earlier policies issued to Manke. It was properly admitted.

Affirmed with costs.

McNAMEE, C.J., and PIKE, J., concur.