UNITED TUNGSTEN CORPORATION, A NEVADA CORPORATION, AND GEORGE G. MOORE, APPELLANTS, *v.* CORPORATION SERVICE, INC., A NEVADA CORPORATION, RESPONDENT.

No. 4274

June 21, 1960

353 P.2d 452

*John W. Bonner*, of Las Vegas, for Appellants.

*Paul L. Larsen*, of Las Vegas, for Respondent.

OPINION

By the Court, BADT, J.:

We have before us for determination the validity of appellants' contention that the judgment must be reversed because it is based upon an express contract between the parties, whereas respondent sought judgment upon a quantum meruit. We have decided that the contention is without merit and that the judgment must be affirmed.

The action is concerned with the employment of Corporation Service, Inc., by United Tungsten Corporation and George G. Moore for the purpose of sending out certain literature to the stockholders of Atlas Consolidated Tungsten Mines, Inc., and to stockholders of Petroleum Investment Trust, Ltd., describing the plans of United Tungsten for the issuance and sale of Tungsten stock and involving a proposed exchange for Atlas and Petroleum stock. Blank forms were enclosed for such purpose and sundry instructions given. The nature of the proposals is unimportant. The necessary forms to be used were to be prepared and printed, printing and postage to be furnished by Corporation Service, the necessary bank account to be opened for deposit of moneys received, correspondence to be engaged in, letters of transmittal to be forwarded, with copies to United Tungsten for its information, and other incidental service. The arrangement was made between Henry O. Hart, as president of Corporation Service, and George G. Moore, as president of United Tungsten. These two persons were the main witnesses for the respective parties at the trial.

The complaint is divided into two counts. In count 1 plaintiff alleges a cause of action in quantum meruit for the reasonable value of its services, in the sum of $1,995, in sending out the material described, and further

alleges that after such services had been performed, United Tungsten had agreed to pay said sum therefor. In count 2 plaintiff alleges that appellant Moore individually requested plaintiff to perform such services, that the reasonable value thereof was $1,995, and that Moore, when requesting such service, personally and individually expressly agreed to pay the reasonable value of the services and agreed that such reasonable value was $1,995; that after crediting payment of $815, there was a balance due of $1,180. Defendants answered and counterclaimed, seeking return of part of the $815 they had paid. From the allegations of such counterclaim and the allegations and denials of the reply thereto, it became evident that the real dispute of the parties was whether, under the terms of the oral contract, Corporation Service was to receive $5 for each of the letters mailed or $5 for each completed transaction.

The trial had not progressed to any great length before, on ruling on an objection as to the relevancy of certain evidence offered by the plaintiff, the learned trial judge stated: "It seems to me the only thing before the court is the matter of compensation. I think the services were rendered and [plaintiff] claims [it] was to get $5.00 [each] for three hundred and ninety- [nine letters mailed]; [it] was paid so much and they owe a balance, and the [defendants claim plaintiff was] to receive $5.00 for each one completed. That is the only difference." Mr. Bonner (attorney for defendants): "That is the only issue." Court: "That is the only issue before the court."

This court has repeatedly given effect to the provisions of NRCP Rule 15 (b) to the effect that when issues not raised by the pleadings are treated by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings and that, though the pleadings may be amended to conform to the evidence, failure to amend does not affect the result of the trial of such issues. Johnson v. Johnson, 76 Nev. 318, 353 P.2d 449. We have also given effect on many occasions to NRCP Rule 61 (a repetition of earlier statutes) prohibiting the disturbance of a judgment for

sundry errors of the trial court, unless such errors appeared to this court inconsistent with substantial justice, and that this court must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.

The court, in its written decision, held that the sum claimed by the plaintiff was the reasonable value of its services. See NRCP Rule 52. In its formal findings the court found that the sum claimed by plaintiff was in accordance with the plaintiff's version of the contract. The written decision rejected the defendants' version. Both on the issue of the reasonable value of the services and on the issue of the precise contract entered into, the evidence was in conflict.

This is a typical case calling for the application of Rules 15(b), 52, and 61, supra. In any event, as the trial court accepted plaintiff's testimony as to the stipulated price of its services, this became the quantum meruit. Warren v. Glasgow Exploration Co., 40 Nev. 103, 160 P. 793; Maitia v. Allied L. & L. S. Co., 49 Nev. 451, 248 P. 893.

Affirmed with costs.

McNAMEE, C. J., and PIKE, J., concur.