LAGRANGE CONSTRUCTION, INC., a Nevada Corpora-
tion, Appellant, v. DEL E. WEBB CORPORATION,
an Arizona Corporation, and PARK CATTLE CO.,
a Nevada Corporation, Respondents.

No. 5300

December 22, 1967                          435 P.2d 515

[Rehearing denied February 5, 1968]

*Carl F. Martillaro* and *Daniel R. Walsh,* of Carson City,
for Appellant.

*Sidney W. Robinson,* of Reno, for Respondents.

**OPINION**

By the Court, MOWBRAY, J.:

Appellant brought an action against the respondents to recover $213,561.88 for labor and materials furnished respondents and for the rental of certain equipment in the construction of the Saraha Tahoe Hotel and Casino at Stateline. Respondents by way of counterclaim asserted breach of contract by appellant, causing damages to respondents in the sum of $119,517.

The case was tried before the court sitting without a jury on October 10, 11, 12 and 13 and on December 1, 2 and 5, 1966.

On January 6, 1967, the written decision of the trial judge was filed with the Clerk of Douglas County. The decision was dated December 29, 1966. The term of the trial judge expired on January 1, 1967.

The decision follows:

**"DECISION**

"Having decided that as a matter of fact the delay and extraordinary expense incurred by the Plaintiff were due to the mismanagement of the Plaintiff's agents,

"IT IS ORDERED that the Plaintiff take nothing by reason of its Complaint and that judgment be entered for the Defendant.

"IT IS FURTHER ORDERED that the Defendant have Judgment against the Plaintiff on its Cross-complaint for the sum of $69,520.00. The Defendant shall have its costs incurred in this action.

"The Court also finds, as a matter of law, there was a binding contract between these parties.

"DATED and SIGNED at Elko, Nevada this 29th day of December, 1966.

/s/           Taylor H. Wines

DISTRICT JUDGE PRESIDING"

Appellant asserts the following specifications of error:

1. The district court erred by not filing his decision and judgment prior to leaving office.

2. The district court erred by not making adequate findings.

3. The district court erred by not awarding the damages in quantum meruit.

4. The district court erred in awarding judgment on defendants' counterclaim.

For the reasons hereinafter expressed we find the first and second assignments of error meritorious and therefore the case must be reversed and remanded for a new trial.

NRS 3.180(2) provides in part as follows:

"District judge may perform certain acts in civil actions after term expires or cessation of exercise of duties.

"\* \* \*.

"2. All judges about to retire from office by reason of resignation or the expiration of their term shall, before such retirement, decide all cases and matters submitted to them and remaining undetermined. The decision or decisions shall be entered in the minutes of the court and, *if in writing, shall be filed with the clerk of the court before retirement. \* \* \*.*"

In the instant case the trial judge did not enter a minute order but chose to write a decision. The decision was dated December 29, 1966. It was not filed with the clerk until January 6, 1967.

Respondents urge that the provision of NRS 3.180(2) providing that the court's written decision shall be filed with the clerk before the judge's retirement is not part of the judicial function but a ministerial act on the part of the clerk of the court and that a tardy filing will not vitiate or render void a decision signed by the trial judge before leaving office.

Respondents also urge that NRS 3.220[1] applies in the instant case and that the trial judge's decision became final when he deposited it in the mail addressed to the clerk of the court.

---

[1]"3.220 Equal coextensive and concurrent jurisdiction of district judges. The district judges shall possess equal coextensive and concurrent jurisdiction and power. They each shall have power to hold court in any county of this state. They each shall exercise and perform the powers, duties and functions of the court and of judges thereof and of judges at chambers. The decision in an action or proceeding may be written or signed at any place in the state by the judge who

We do not agree with respondents' contention that NRS 3.220 is applicable in the instant case. It is a general statute covering the equal coextensive and concurrent jurisdiction of district judges and does not in any way supersede the provisions of NRS 3.180(2).

In Klundt v. Hemenway, 244 N.W. 377, 378 (S.D. 1932), in a similar case where the trial judge signed his written decision on January 5 but did not file it until January 7, his term of office having expired on January 6, the court said:

"Under this statute [requiring the court's decision be in writing and filed with the clerk] we are compelled to the conclusion that the trial of a court case * * * is not completed until the judge gives his decision in writing and files the same with the clerk. We think the deposit of the decision * * * with the clerk for filing is an integral and necessary part of the judicial function of decision, notwithstanding the fact that it may be, and frequently is, delegated to counsel. Such decision is of no value or effect for any purpose until it is filed. On Wednesday, January 7, 1931, Judge Gardner had no power or authority to perform any judicial function. He had no power or authority to file this decision himself as a judge on that date, nor to authorize any one else to do so for him. It is so held in other states under cognate statutes fundamentally upon the ground that the unfiled decision (even though signed) is subject to revocation by the judge at any time and does not become a final decision until deposited with the clerk for filing. * * *. Broder v. Conklin (1893) 98 Cal. 360, 33 P. 211. To the same effect, see, Crane v. First Nat. Bk. (1913) 26 N.D. 268, 144 N.W. 96. See, also, Cain v. Libby (1884) 32 Minn. 491, 21 N.W. 739; Brave Bull v. Ordway (1928) 57 N.D. 344, 221 N.W. 780; Mace v. O'Reilley (1886) 70 Cal. 231, 11 P. 721; Estudillo v. Sec., etc., Co. (1910) 158 Cal. 66, 109 P. 884; Scholle v. Finnell (1916) 173 Cal. 372, 159 P. 1179."

---

acted on the trial and may be forwarded to and filed by the clerk, who shall thereupon enter a judgment as directed in the decision, or judgment may be rendered in open court, and, if so rendered, shall be entered by the clerk accordingly. If the public business requires, each judge may try causes and transact judicial business in the same county at the same time. Each judge shall have power to transact business which may be done in chambers at any point within the state, and court shall be held in each county at least once in every 6 months and as often and as long as the business of the county requires. All of this section is subject to the provision that each judge may direct and control the business in his own district and shall see that it is properly performed."

The clear weight of authority is to the effect that the filing of the written decision with the clerk is jurisdictional, obligatory and an integral part of the judicial act and that it shall be filed prior to retirement from office, while its entry by the clerk is ministerial. See Crane v. First Nat'l Bank of McHenry, 144 N.W. 96 (N.D. 1913); Gossman v. Gossman, 126 P.2d 178 (Cal. 1942).

Indeed, NRCP 58(c)[2] provides that the filing with the clerk of the judgment signed by the judge constitutes the entry of such judgment, and the judgment is ineffective for any purpose until the entry thereof.

To hold, in light of NRS 3.180(2) and NRCP 58(c), supra, that the filing of the judge's written decision in the instant case was timely made and not jurisdictional would not only abnegate the above statute and rule of civil procedure but disavow the better reasoned and weight of authority applicable in the instant case.

We conclude, therefore, that the provision of NRS 3.180(2), requiring written decisions to be filed with the clerk of the court before the judge's term expires, is essential and jurisdictional, for until this is done the decision rests within the breast of the court and can be changed.

It follows that the trial of this case was incomplete upon the expiration of the judge's term, and therefore that the first assignment of error is meritorious.

Although our ruling on the first assignment of error is controlling and the case must be reversed and remanded for a new trial, it is clear that the second assignment of error is well taken in that the district court erred by not making adequate findings.

NRCP 52(a)[3] requires the trial court to find the facts

---

[2]NRCP 58(c). "When Judgment Entered. The filing with the clerk of a judgment, signed by the judge, or by the clerk, as the case may be, constitutes the entry of such judgment, and no judgment shall be effective for any purpose until the entry of the same, as hereinbefore provided. The entry of the judgment shall not be delayed for the taxing of costs."

[3]NRCP 52(a). "Effect. In all actions tried upon the facts without a jury * * * the court shall find the facts specially and state separately its conclusion of law thereon and direct the entry of the appropriate judgment; * * *. Requests for findings are not necessary for purposes of review. * * *. If an opinion or memorandum of decision is filed, it will be sufficient if the findings of fact and conclusions of law specifically appear as such therein. * * *."

specially and state its conclusions of law thereon and direct the entry of the appropriate judgment. See Robison v. Bate, 78 Nev. 501, 376 P.2d 763; Garibaldi Bros. v. Waldren, 74 Nev. 42, 321 P.2d 248; Timney v. Timney, 76 Nev. 230, 351 P.2d 611; Poe v. La Metropolitana Co., 76 Nev. 306, 353 P.2d 454; United Tungsten Corp. v. Corp. Service, Inc., 76 Nev. 329, 353 P.2d 452; Heidtman v. Nevada Ind. Comm'n, 78 Nev. 25, 368 P.2d 763; Kweskin v. Finkelstein, 223 F.2d 677 (7th Cir., 1955); Maher v. Hendrickson, 188 F.2d 700 (7th Cir., 1951).

In Kelley v. Everglades Dist., 319 U.S. 415 (1942), the United States Supreme Court in construing FRCP 52(a) stated:

"It may be that adequate evidence as to these matters is in the present record. On that we do not pass, for *it is not the function of this Court to search the record and analyze the evidence in order to supply findings which the court failed to make.* Nor do we intimate that findings must be made on all of the enumerated matters or need be made on no others; the nature of the evidentiary findings sufficient and appropriate to support the court's decision as to fairness or unfairness is for the trial court to determine in the first instance in light of the particular case. *We hold only that there must be findings, stated either in the court's opinion or separately, which are sufficient to indicate the factual basis for the ultimate conclusion.*" (Emphasis added.) *Id.,* pp. 421–422.

The Rule provides that it is sufficient if the findings of fact and conclusions of law appear in the decision. An examination of the decision filed on January 6 makes it abundantly clear that the requirements of the Rule have not been met. The parties are entitled to more specific findings and conclusions of law than appear therein, particularly where such substantial interests are involved and determined. One of the major issues before the court was whether there was a contract between the parties; and, if so, what were its terms. The court made no findings of fact on this issue but found, "as a matter of law, there was a binding contract between the parties." The factual basis for this conclusion is not revealed. Who made the offer? Was it accepted? What were the terms of the contract? Which terms, if any, were breached, and by whom? These issues were seriously contested by the parties.

The decision filed on January 6, wherein the substantial rights of the parties were affected and indeed resolved, falls far short of meeting the requisites of NRCP 52(a). To hold otherwise would emasculate the necessity for the Rule.

Parenthetically, we appreciate the heavy burden attendant

upon the learned trial judge in concluding his judicial business, particularly under the circumstances as disclosed by the record on this appeal, but we are not permitted to abnegate our statute and the clear weight of authority applicable in the instant case.

For the reasons stated herein, the third and fourth assignments of error need not be discussed.

Reversed and remanded for a new trial.

COLLINS, J., and BATJER, J., concur.

THOMPSON, C. J., and ZENOFF, J., dissenting:

1. The majority opinion rests upon a false premise—that the failure to timely file the judgment somehow affected the substantial rights of the parties. Indeed, not one word is written to suggest that the omission caused prejudice or infected the fairness of the trial. In the context of this case it cannot seriously be urged that the late filing bears jurisdictional significance. This is not an Osman v. Cobb, 77 Nev. 133, 360 P.2d 258 (1961), situation where the judge attempted to decide a case when he was no longer judge. Here, the case was tried, submitted, studied, and decision prepared and signed by the judge during his term of office. Filing of the judgment did not occur until a few days after his term expired. The delay in filing may have been due to the fact that the judge lived and worked outside of the judicial district in which the case was tried. He was forced to send his judgment from Elko to Minden for filing during the busy holiday season. In any event, he had fully completed his judicial work before the end of his term. All that remained was the ministerial act of filing the judgment. Babcock v. Wolf, 28 N.W. 490 (Iowa 1886).

The rule of harmless error commands that we are not to pay attention to this kind of non-jurisdictional omission unless the substantial rights of the parties are affected. NRCP 61.[1] We are not to exalt form over substance. This case is particularly suited to the rule since the so-called "error" is not traceable to conduct by the court or counsel, but is, instead, a fortuitous occurrence.

2. Formal findings of fact were not made in this case.

---

[1] NRCP 61 reads: "No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."

Here, as in Heidtman v. Nevada Ind. Comm'n, 78 Nev. 25, 368 P.2d 763 (1962), and Poe v. La Metropolitana Co., 76 Nev. 306, 353 P.2d 454 (1960), the court prepared a short memorandum of decision expressing its views. Rule 52(a) allows this to be done. Although the decision is not as complete as we would like to have it, we are not thereby given license to condemn it and declare prejudice, without first reviewing the entire record to ascertain whether the judgment finds support in the evidence. The record in this case may be read to support the judgment. Therefore, the failure to write a detailed decision must be deemed harmless. Indeed, the majority opinion does not suggest how, or in what manner the short decision affected the result of this case or the substantial rights of the parties. To order the parties to start over again for omissions of the kind presented in this case harms the judicial process. We would affirm the judgment.