CLARE L. COUTURIER, Appellant, *v.* MARIELLEN COUTURIER, Respondent.

No. 4228

January 29, 1960        348 P.2d 756

*Tad Porter,* of Las Vegas, for Appellant.

*Cornwall & Sullivan,* of Las Vegas, for Respondent.

**OPINION**

By the Court, BADT, J.:

This is an appeal from the lower court's order modifying a prior decree of divorce by changing the custody of four minor children of the parties from the father to the mother, with rights of visitation in the father. The former decree, pursuant to an agreement between the parties, had awarded custody to the father, with rights of visitation in the mother.

The order modifying the decree with reference to custody was made upon the grounds that since the divorce the circumstances of the mother had materially changed in that she had remarried and could then provide the children with a good and comfortable home; that she had recovered her health sufficiently to enable her to care properly for the children; that the circumstances of the father had also materially changed in that he had remarried and his present wife has four additional minor children under her care and control.

The specific errors assigned are: (1) in admitting in evidence a doctor's written report; (2) in refusing to strike respondent's supplementary affidavit; (3) in limiting appellant's rebuttal; (4) abuse of the court's discretion in modifying the decree because of insufficient evidence of change of circumstances.

The task of this court in considering whether error was committed by the trial court in these matters and whether, if so, they entitle appellant to a reversal, is a far less difficult one than that of the trial court in passing on the motion to modify the custody provisions of the decree.

We address our attention first to the contention that there was insufficient evidence of change of circumstances. It is quite clear that the evidence discloses

important and significant changes. Following the entry of the decree of divorce, both parties remarried. The husband, as noted, had been given the custody of the four minor children, aged respectively, at the time of the motion, seven, six, four, and two. Approximately one year has since elapsed, so that the children are now eight, seven, five, and three. The youngest child, sadly, was born with one arm. The husband's present wife had three children by a former marriage. In addition, the husband and his present wife have the care of a minor niece of the husband's, so that the husband's household at the time of the filing of the motion included eight minor children. At the time of the divorce respondent was working. At the time of the present hearing she had remarried, her husband was working, and she was able to devote her entire time to her household. The wife and her present husband now live in a three-bedroom house, with the grounds landscaped. At the time of the divorce the wife had been mentally ill. On the occasion of the present hearing of the motion to modify the decree the court ordered an examination of the wife by a psychiatrist and a physician. The psychiatrist had left Las Vegas and made no examination or report. The physician made a report to the effect that she had recovered her health sufficiently to enable her to care properly for the children.

At the hearing it developed that the parties were quite bitter toward each other, and the testimony was in irreconcilable conflict on all points, except as to the affection of both parties for their children and the desire of both parties to see that the children were properly cared for, and except that each admitted that the other was a proper person to have the custody of the children. Apparent in the case is the importance of the time-worn expression that the court had the parties before it on the witness stand, observed their demeanor, passed on their credibility, and was the sole arbiter to weigh and judge their testimony. The court's keen desire to make such arrangement as seemed for the best interests of the children is manifest throughout the hearing.

In modifying the decree and awarding custody to the mother, the court meticulously took into consideration the matter of the school terms, school hours, the alternation of custody accordingly, the particular times of custody of the youngest child Jani, the periods of sleeping, eating, schooling, and medical care of said child, and her particular custody on Sundays of each week if the parties did not otherwise agree. Similar provisions were made with reference to the other three minor children. Specific provision was made for payments by the husband to the wife during the periods when she had custody. Hospitalization was taken into consideration and prior consultation before hospitalization provided for. Hours of custody during Christmas were likewise considered. Special provisions forbade the parties from influencing the minds of the children against the other parent—each parent bearing the responsibility of such actions by the present respective spouses of the parties. Orders that the parties refrain from personal contact indicate the bitterness that attended the attitude of each. The same situation is manifest in forbidding each party to visit the children at the household of the other without first obtaining consent from the other. The order requiring delivery of the children in accordance with the decree "in a clean condition, all clothing to be clean and well maintained," reflects the testimony on these points. These and other provisions indicate the difficult task presented to the trial court.

The assignment of error that the finding of a change of circumstances warranting modification is not supported by the evidence is without merit.

A careful consideration of the other three assignments of error above mentioned leads to the conclusion that they likewise are without merit. The main objection to the doctor's written report was that it prevented cross-examination. The doctor was at all times available and subject to call. At the time the written report was

offered no reporter was present, and the precise ground of the objection above stated appears for the first time in this appeal. The report had been in appellant's hands several weeks prior to the hearing and he had ample opportunity to provide for the doctor's appearance for cross-examination. Nothing in the record indicates that appellant contends that the doctor's report of the wife's present mental and physical condition is inaccurate. Appellant's only explanation of his failure to call the doctor for cross-examination is that he feared he might be bound by the doctor's testimony and could not safely subject his rights to this possibility. This explanation lacks persuasion.

On the second day of the hearing the wife filed a supplemental affidavit in support of her motion for modification. Objection to this was on the ground that it was redundant, immaterial, and untimely filed. We are unable to find any abuse of discretion in the court's overruling of this objection.

After the wife rested, the husband examined five witnesses. He had four more ready to testify, at which point the court informed the parties that no further evidence would be taken but that the court was ready to make a decision. The record contains some 75 pages of testimony. Both parties have discussed at length the application of the various rules as to the court's discretion in limiting the number of witnesses on some particular main or collateral issue and the time and conditions under which such limitations may be ordered. Appellant refers us to general text discussions appearing at 17A Am.Jur. 40, Divorce and Separation, sec. 850; 27B C.J.S. 572, Divorce, sec. 317 (8) ; 88 C.J.S. 202, Trial, sec. 92 (b), and id. sec. 92 (d). A discussion of the subject, with its various rules, limitations, and exceptions, is not warranted. It is clear that the court felt that all material evidence in the case had been adequately presented, and that the testimony of the additional

witnesses would not materially add to the court's understanding of the facts. This is particularly so because counsel made an offer of proof so that the court knew the nature of the testimony to be presented by these witnesses. We cannot say that the court abused its discretion in limiting the number of appellant's witnesses under the conditions described.

The order modifying the divorce decree with reference to the custody of the children is affirmed with costs.

McNAMEE, C. J., and PIKE, J., concur.