JOHN P. SCREEN, Appellant, v. DOROTHY A. SCREEN, Respondent.

No. 5011

June 1, 1966                    414 P.2d 953

*Olsen & Lublin,* of Las Vegas, for Appellant.

*Jack G. Perry,* of Las Vegas, for Respondent.

## OPINION

By the Court, Zenoff, D. J.:

This is an appeal from a decree of divorce and a subsequent denial of appellant's motion to vacate the decree.

Respondent, Dorothy A. Screen, filed her complaint for divorce against John P. Screen on May 14, 1964, alleging two grounds and listing various property interests of the parties. A request was made for custody of the three children, support money, alimony, and attorney's fees.

Thereafter, the record indicates a hodgepodge of hearings, delays, conferences in chambers, and proceedings

that are landmarks for their obscurity. This appeal concerns appellant's complaint that he was not allowed to testify in his own behalf.

Although interrupted several times by calendar problems in the Eighth Judicial District, a trial was commenced after the usual motion by the respondent for temporary custody and support monies. Appellant failed to file an answering affidavit. At the trial, the respondent and her witnesses testified and appellant's attorney was allowed his right to cross-examination. It is clear from the record that appellant was present at the trial and conferred with his attorney throughout. However, he did not avail himself of his opportunity to testify at these proceedings.

Near the concluding portion of a cross-examination of the respondent, the trial judge interjected his disposition to grant separate maintenance and $500 per month for support. Appellant claims this indicated the court's prejudice against him. However, if the judge's threatened action had been taken it would have been detrimental to the respondent since she sought a divorce, not a decree of separate maintenance. The remark reflects the trial judge's understandable exasperation at the conduct of the trial. From what we can ascertain from the record, the parties had agreed to a disposition of the property, custody of the children, and support. There is nothing to show that appellant objected to the divorce itself at this time.

We cannot determine the reason why appellant was seeking to forestall entry of the final decree, but his conduct implies that this was his intent after the parties had agreed on custody and support. Appellant's counsel, in the presence of appellant, who did not protest, stated that the parties were in agreement as to all matters touching upon the divorce and appellant's counsel did not object and state to the court that he wanted the trial to continue so that his client could testify. Instead, he participated in the termination of the trial at the conclusion of respondent's case and concluded the settlement.

A minute order clearly notes that the division of the

property, custody, and provisions for support were by stipulation. These provisions substantially coincide with the provisions of the final decree that was subsequently entered.

Appellant, who by this time was represented by a third attorney since the commencement of the action, then moved to have the decree reopened and the trial continued. Some confusion arose because appellant's third attorney became hospitalized and requested another attorney to appear at the hearing to reopen and secure a continuance. The hearing was set for the reopening of the trial and the court was prepared to proceed, but the trial court decided to close out the entire matter since appellant did not appear to present his case and the final decree had already been entered.

1. The trial court has considerable discretion in the conduct of its own trials. Couturier v. Couturier, 76 Nev. 60, 348 P.2d 756 (1960). The record before us clearly illustrates that there was no more reason to continue with the trial than there is merit for this appeal. Whatever took place in chambers does not appear in the record, but it is apparent that the trial judge relied on the representations made by appellant in chambers for this was the basis of the property, custody, and support settlement. There was no demand that the conferences in chambers be reported, nor were they so reported. If a lawyer desires to protect his client, it is incumbent upon him to request that a court reporter be present or that all hearings be held in open court. This was not done. Counsel for both parties participated in these off-the-record conferences and there is nothing in the record to indicate that a demand was made that the trial continue and defendant be allowed to testify until after the final decree was entered.

Under the facts presented, we fail to find an abuse of discretion on the part of the trial court.

Affirmed.

THOMPSON and COLLINS, JJ., concur.