**TRAUTWEIN v. MANDEL.**

**In re LAYTON'S ESTATE.**

**No. 12194.**

Circuit Court of Appeals, Eighth Circuit.

April 29, 1942.

John V. Lee, of St. Louis, Mo. (Lee, Fricke & Lee, of St. Louis, Mo., on the brief), for appellant.

Clyde W. Wagner, of St. Louis, Mo., for appellee.

Before GARDNER, THOMAS, and RIDDICK, Circuit Judges.

THOMAS, Circuit Judge.

This is an appeal from an order entered by the district court in a proceeding in bankruptcy. The order complained of approved and confirmed an order of the referee denying in part appellant's petition for reclamation of property in the possession of the trustee covered by a chattel mortgage.

It appears that William L. Layton was adjudged bankrupt on April 5, 1941. Prior to that date the bankrupt owned and operated a grocery store in the city of St. Louis, Missouri. The appellee is trustee of the bankrupt estate.

On June 5, 1941, the appellant Trautwein filed a petition to reclaim personal property consisting of store fixtures and equipment alleged to be in the possession of the trustee. The petition alleged that appellant on December 21, 1940, loaned to the bankrupt and his wife the sum of $400 for

which they made and delivered to him their promissory note payable in installments of $6 a week; that to secure the note the bankrupt and his wife executed a chattel mortgage on the property sought to be reclaimed; that the chattel mortgage was duly recorded on December 31, 1940; that the sum of $62.96 had been paid on the principal of the note; and that default having been made in the payment of the balance of $337.04, the petitioner is the owner and entitled to the possession of the property. An order was requested directing the trustee to surrender the property or to pay the balance due.

The trustee in his answer did not deny the facts alleged in the petition, but for his defense pleaded affirmatively:

"1. That the reclamation petition should not be granted in part for the reason that it covers a past due obligation, and said pledge having been made within four months prior to bankruptcy proceedings herein.

"2. Your Trustee asks that petitioner submit strict proof as to the validity of said reclamation petition."

After a hearing the referee made findings of fact and "Ordered that the reclamation petition of Otto J. Trautwein be and is hereby denied; without prejudice, however, to the right of the petitioner to renew his reclamation petition if the proceeds of the sale by the trustee of the equipment sought to be reclaimed do not equal the sum of $172.04, or to claim from the proceeds of the sale of said equipment, if such proceeds exceed the sum of $172.04, the amount of his lien, namely, $172.04."

The difficulty we have with this case is that there were no well-defined issues in the court below, and they are not clarified in the record and briefs submitted here. The trustee's answer to the petition for reclamation indicates that his defense is that the consideration for appellant's chattel mortgage was an antecedent debt ("past due obligation") of the bankrupt to the appellant, and that the mortgage was given within four months prior to bankruptcy. The findings of fact and order bear only a remote resemblance to such an issue. No exceptions are taken on the ground of relevancy, and there is no claim that the evidence does not support the findings of fact. The substance of the complaint here is that the findings of fact do not support the order. We shall review the facts and the order for the purpose of determining this point.

The pertinent facts found by the referee are in brief: The bankrupt in consideration of $400 received executed a note for that amount, dated December 21, 1940, payable to Trautwein, and secured by a chattel mortgage which was filed for record December 31, 1940. Payments in the sum of $62.96 were made on the note, leaving a balance due of $337.04. The loan was handled by Mr. Buhrman, credit manager for the Wetterau Grocery Company, as agent for Trautwein. The purpose of the loan was to make a preferential payment to the grocery company of an antecedent indebtedness of the bankrupt in the amount of $165. The grocery company had full knowledge of the fact that the bankrupt was in a failing and insolvent condition, or had reasonable cause to believe that Layton, the bankrupt, was at the time insolvent. Of the $400 received by the bankrupt from Trautwein, $165 was used to pay off the then existing indebtedness to the grocery company, $45 to pay another creditor, and the balance was used to purchase merchandise.

The order entered implies that another order was entered in the proceeding authorizing and directing the trustee to sell the mortgaged property free from the lien of the mortgage; and the order further implies that the appellant is granted a claim to or lien upon $172.04 of the proceeds, if the proceeds equal or exceed that amount. This leaves in dispute only the sum of $165 which was used by the bankrupt to pay his antecedent debt to the grocery company. The mortgage was specifically held to be valid except as to the $165 and invalid as to that amount.

The theory upon which the referee arrived at this holding and upon which the trustee supports it is that Buhrman, Trautwein's agent, knew that one of the purposes of borrowing the money was to make a preferential payment to the grocery company and that Trautwein is charged with the knowledge of his agent. As to the law the trustee relies upon § 67, sub. d (3), of the Bankruptcy Act, 11 U.S.C.A. § 107, sub. d (3), which provides that: "Every transfer made * * * by a debtor within four months prior to the filing of a petition in bankruptcy * * * is fraudulent * * * if made or incurred with intent to use the consideration, obtained for the transfer * * *, to effect a preference to a third

person voidable under section 96 of this title."

The question for consideration is whether the mortgage was given by the bankrupt "with intent to use the consideration * * * to effect a preference to a third person [the grocery company] voidable under section 96 of this title."

Section 96, sub. a, of 11 U.S.C.A. provides that: "A preference is a transfer * * * of any of the property of a debtor to or for the benefit of a creditor for or on account of an antecedent debt, made or suffered by such debtor while insolvent and within four months before the filing * * * of the petition in bankruptcy."

Section 1 (19) of the Bankruptcy Act as amended, Act of June 22, 1938, c. 575, § 1, 52 Stat. 840, 11. U.S.C.A. § 1 (19), provides: "A person shall be deemed insolvent within the provisions of this title whenever the aggregate of his property * * * shall not at a fair valuation be sufficient in amount to pay his debts."

Reverting to the order appealed from, it is drawn upon the theory that the trustee's defense is that the $165 of the consideration for the chattel mortgage is a voidable preference under § 96. Two facts upon which this theory depends fail. First, the trustee's answer to the petition for reclamation contains no denial. The trustee relies upon an affirmative defense. The burden rested upon him therefore to plead and prove the necessary elements of a voidable preference. Under § 96 of the statute, supra, these elements are (1) a transfer of property by a debtor to or for the benefit of a creditor, (2) on account of an antecedent debt, (3) while insolvent, and (4) within four months of bankruptcy. There is no proof that the bankrupt executed the chattel mortgage "while insolvent".

The second necessary prop to support the order is that there must be findings of fact and conclusions of law made by the referee and covering the essential issues. General Order 47, 11 U.S.C.A. following section 53.

Here the theory upon which the order is drawn was not pleaded. The essential allegations of the assumed affirmative defense are absent. If we regard the answer as amended to conform to the referee's theory, still there is neither evidence nor finding of fact to support the order. The financial condition of the bank-

rupt is not shown as of any date. To support the order it was necessary for the trustee to plead and prove, and for the referee to find, that on December 21, 1940, the bankrupt's debts exceeded the aggregate fair value of his assets. See Arkansas Oil & Mining Company v. Murray Tool and Supply Company et al., 8 Cir., 127 F.2d 564, decided at this term; Liberty Natl. Bank v. Bear, 265 U.S. 365, 44 S.Ct. 499, 68 L.Ed. 1057; Dean v. Davis, 242 U.S. 438, 37 S.Ct. 130, 61 L.Ed. 419; In re Prima Co., 7 Cir., 98 F.2d 952, 957; Cusick v. Second Nat. Bank, 73 App.D.C. 16, 115 F.2d 150, 152. In the absence of such proof and of such finding it was error to hold the mortgage invalid to the extent of $165 and to deny the prayer of the petition for reclamation.

Upon the pleadings and the proof the appellant was entitled to the order requested in the prayer of his petition. The order appealed from is therefore reversed and the case is remanded for further proceedings consistent with this opinion.