## MAHER et al. v. HENDRICKSON et al.
### No. 10308.

United States Court of Appeals
Seventh Circuit.

May 10, 1951.

Emerson Baetz, Alton, Ill., for appellants.

Charles E. Bliss, H. B. Hershey, Taylorville, Ill., for appellees.

Before KERNER, DUFFY and LINDLEY, Circuit Judges.

LINDLEY, Circuit Judge.

Plaintiffs, the widow and minor daughters of one Maher, now deceased, brought suit in the District Court against the defendants under the Dram Shop Law of Illinois, Ill.Rev.Stat.1947, Ch. 43, Sec. 135, to recover damages accruing to them, as they averred, because of Maher's death. The cause was tried by the court without a jury and resulted in judgment in favor of defendants.

The statute provides that every person who shall be injured, in person, property, or means of support, by any intoxicated person, or in consequence of the intoxication of any person, shall have a right of action, severally or jointly, against any person who shall, by selling alcoholic liquor, have caused the intoxication, in whole or in part. Under this Act, if one, by reason of intoxication, loses his life, the statutory beneficiaries may recover "if such intoxication was caused in whole or in part by intoxicating liquor sold him" by defendant. Brown v. Butler, 66 Ill.App. 86, 89. It is the public policy of Illinois, expressed by legislative act, that "He who deliberately sells that which he knows will * * * deprive the party of the control of his judgment, and render him, for the time being, incapable of exercising proper

702

care for personal safety, or that of his property, must be prepared for the consequences that may follow." Emory v. Addis, 71 Ill. 273; Kennedy v. Whittaker, 81 Ill.App. 605.

There is no dispute that Maher was killed in a brawl with Morris, while both of them were intoxicated. The material question in issue in the trial court was whether their drunkenness was caused in whole or in part by liquor procured from defendants. It is clear that the two men were intoxicated at the time they entered defendants' tavern, continued to drink while there and were more affected by alcohol when they left than when they arrived. There is, however, a sharply controverted question as to whether defendants sold Maher and Morris the liquor which they admittedly consumed.

The District Court made a finding of fact, "That the plaintiffs have failed to prove by the preponderance of the evidence that * * * Maher or * * * Morris were sold or given any intoxicating beverages by Fuller in defendant Hendrickson's tavern in * * * Alton, * * * which caused in whole or in part such intoxication of Maher and Morris." It made no specific finding as to whether defendants sold liquor to either of the two men and none as to whether, if liquor was sold to them, it caused, in whole or in part, their intoxication. The finding, therefore, is not explicit as to whether the court believed that defendants did not sell the liquor to Maher and Morris, or whether it believed that, though the defendants had sold them the liquor, it did not contribute, in whole or in part, to their intoxication. Consequently we are far asea as to the exact factual basis upon which the judgment was founded.

Under Rule 52 of the Federal Rules of Procedure, 28 U.S.C.A., it is the duty of the trial court to "find the facts specially". The ultimate test as to the propriety of findings is whether they are sufficiently comprehensive to provide a basis for decision and supported by the evidence. Woods v. Oak Park Chateau Corp., 7 Cir., 179 F.2d 611; Shapiro v. Rubens, 7 Cir., 166 F.2d 659, 665; Life Savers Corp.

v. Curtiss Candy Co., 7 Cir., 182 F.2d 4. They should be so explicit as to give the reviewing court a clear understanding of the basis of the trial court's decision, Skelly Oil Co. v. Holloway, 8 Cir., 171 F.2d 670, and to enable it to determine the ground upon which the trial court reached its conclusion. Continental Illinois National Bank & Trust Co. v. Ehrhart, 6 Cir., 127 F.2d 341. The rule is mandatory; it must be reasonably complied with. Smith v. Dental Products Co., 7 Cir., 168 F.2d 516; Dearborn National Cas Co. v. Consumers Petroleum Co., 7 Cir., 164 F.2d 332. To these requirements, we believe the finding of the District Court does not conform.

In view of the inherent uncertainty existing in the finding presented, in the absence of specific findings which disclose the factual basis for the trial court's decision, we remand the cause to the District Court with full authority upon its part, upon reconsideration, to make specific findings in the respects mentioned and to modify, or set aside the judgment entered, and to enter such other judgment as it finds justifiable.