**In the Matter of Roby C. WOODY, d/b/a Woody Motor Company, Bankrupt.**

**No. 23807.**

United States District Court
W. D. Missouri, W. D.
Jan. 4, 1966.

Popham, Thompson, Popham, Trusty & Conway, Kansas City, Mo., for bankrupt.

Phineas Rosenberg, Kansas City, Mo., for trustee.

Julius F. Wall, Poague, Brock & Wall, Clinton, Mo., John G. Killiger, Kansas City, Mo., for First National and Farmers Bank.

Kuraner, Oberlander, Lamkin, Dingman & O'Laughlin, Kansas City, Mo., for Commercial Credit Corp.

JOHN W. OLIVER, District Judge.

Four petitions for review pend in this case. Each petition for review is separate from the others although all relate to orders entered in the same bankruptcy proceeding. Separate judgments on our decisions in regard to each petition for review will be entered in accordance with Rule 58 of the Rules of Civil Procedure.

In connection with all four petitions and before detailed study of the various petitions for review, we made inquiry of counsel as to whether any party wished, pursuant to the authorization of General Order in Bankruptcy No. 47, to adduce any further evidence or to have any further hearing in connection with any of the four petitions for review.

Counsel for all parties advised us that no further hearing was desired by any party and that all parties wished to have each petition for review submitted on the stipulations, evidence, and briefs filed before the Referee as supplemented by briefs filed in this Court.

Three of the petitions for review will be decided on the merits; the fourth must be recommitted to the Referee with instructions for reasons that we shall state in detail in part IV of this memorandum opinion.

## I.

*Petition For Review Filed by Various Claimants*

Most of the facts involved in this petition for review were stipulated. Additional testimony was heard by the Referee. On the basis of all the evidence the Referee made a specific finding that:

1. The above named claimants (hereinafter called joint-owners), except as herein otherwise found, are not creditors of the bankrupt but at all times mentioned here are and were joint-venturers and investors in bankrupt's business as participants in a joint enterprise with bankrupt and have no allowable claim as creditors in this estate and have no right of set-off.

Additional findings concerning the history of each claimant's involvement with the bankrupt were detailed and in paragraph 5 of his order the Referee found and held that:

5. A summary of the transactions between the bankrupt and said joint-owners under the 'Automobile Purchase Agreement' is that (in addition to the aforesaid payments in money and participation rights) bankrupt agreed to 'sell' each joint-owner a new automobile each year in exchange for his old car, for which the joint-owner was to pay bankrupt only the sum of $1.00 over and above the trade-in value of the old car, plus an additional sum to cover the cost of transfer, extra equipment furnished the new car or extra charge for change in car model, but nothing more.

These car transactions were pretended sales for a pretended purchase price which were calculated to,

and did, result in bankrupt suffering substantial losses to the detriment of creditors. The exchange of an old car for a new automobile each year for the sum of $1.00 resulted in the joint-owner getting a new car or cars each year for less than the actual factory cost of the new automobile. The losses sustained thereby benefited the joint-owners and depleted bankrupt's assets in fraud of the rights of general creditors. These car exchanges were fraudulent and void preferences, obligations, transfers and conveyances by bankrupt while insolvent to persons interested in bankrupt's business as joint-owners therein when such persons knew or had reasonable cause to know that bankrupt's business was insolvent. By the aforesaid transactions, said joint-owners abstracted, transferred and conveyed to themselves and away from the general creditors bankrupt's money and property and thereby depleted bankrupt's assets and estate for their personal benefit at the expense of the creditors. Said losses are set forth in the separate finding made, infra, with respect to each separate claim.

The claims of the petitioners for review were disallowed and each claimant, or his successor in interest, was ordered to turn over the moneys paid each during bankrupt's stipulated insolvency and each was required to reimburse the estate for the amount of the loss suffered by the bankrupt on the various car trades involved. Such order either wiped out or subordinated the entire claims of all claimants.

The first question presented in the Referee's certificate is stated as follows:

1. Whether such claimants are not creditors of bankrupt but at all times shown by the evidence and as found by the Referee are and were joint-venturers and investors in bankrupt's business as participants in a joint enterprise with bankrupt, and thus have no allowable claims as creditors and have no right of set-off.

That question, as do the other two questions involved in this petition for review that need not be quoted, obviously involves a question of fact.

In In re Cox, W.D.Mo. 1965, 244 F. Supp. 430 at 433, we set forth at length our duties as a reviewing court under General Order in Bankruptcy No. 47. We here incorporate what we said there by this reference.

We believe, however, that a word should be added to what we said in In re Cox because it has been suggested in some of the briefs filed in this case that inferences drawn by the Referee from stipulated or undisputed facts are not within the scope of the clearly erroneous rule. What we shall say in addition to what we said in In re Cox is applicable to all of the petitions for review now before us and shall be so considered by all parties.

In In re Cox attention was directed primarily to the standard and scope of our review of findings of fact made by a Referee in Bankruptcy. We there noted that "[b]oth Rule 52(a) of the Rules of Civil Procedure and General Order No. 47 contain the same 'clearly erroneous' standard" (244 F.Supp. at 434). We added that the "standard of review" to be applied by the District Court in its determination of whether the findings of fact of a Referee are "clearly erroneous" is the same "standard of review [as] that provided by the same 'clearly erroneous' language of Rule 52(a) as explained by the Supreme Court cases to which we have referred" (244 F.Supp. at 435).

In In re Cox, among other Supreme Court cases, we directed attention to United States v. United States Gypsum Co., 333 U.S. 364 at 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948), and to Commissioner of Internal Revenue v. Duberstein, 363 U.S. 278 at 291, 80 S.Ct. 1190, 4 L.Ed.2d 1218 (1960). We did not quote in In re Cox what the Supreme Court said in those cases about inferences being within the "clearly erroneous" standard of review. We now quote the teaching of those cases in order that our view of the standard that must be applied by a District Court to inferences drawn by

a Referee in his findings of fact be in the books.

Both Gypsum Co. and Duberstein expressly held that the clearly erroneous standard was applicable to and included inferences drawn from the facts as found by the trier of the facts. Gypsum held that "[i]n so far as this finding and others * * * are inferences drawn from documents or undisputed facts * * * Rule 52(a) of the Rules of Civil Procedure is applicable" (333 U.S. at 394, 68 S.Ct. at 541).

And Duberstein held that "the rule * * * applies * * * to factual inferences from undisputed basic facts * * * as will on many occasions be presented in this area" (363 U.S. at 291, 80 S.Ct. at 1200).

We think it obvious that if the identical "clearly erroneous" standard of review language in General Order in Bankruptcy No. 47 is read more narrowly than the "clearly erroneous" standard of review language in Rule 52(a) of the Rules of Civil Procedure a District Court would be required to make a *de novo* review of all orders of a Referee that are based on inferences drawn by him from stipulated or undisputed factual situations.

We held by implication in In re Cox that such was not the purpose or intent of General Order in Bankruptcy No. 47.

■ We now make clear by adding to what we implied but did not expressly state in In re Cox that we believe that a District Court is required by General Order in Bankruptcy No. 47 to accept all factual inferences that a Referee may make in a particular case from stipulated or undisputed basic facts unless such inferences are found to be "clearly erroneous." We further believe that the meaning to be given the "clearly erroneous" standard of review language is that stated in the cases construing both General Order in Bankruptcy No. 47 and Rule 52(a) of the Rules of Civil Procedure to which we have referred in this case and in In re Cox.

What we have here added to what we said in In re Cox is, of course, applicable to all the petitions for review that are now before us and shall be so considered by the parties.

■ Our examination of the evidence in connection with the Various Claimants' petition for review convinces us that the Referee's findings of fact and the inferences drawn from those are supported by substantial evidence and that we cannot say on that record that such findings are "clearly erroneous" within the meaning of General Order in Bankruptcy No. 47. We further determine that the Referee correctly applied the law to the facts as he found them. See and compare the rationale of Pepper v. Litton, 308 U.S. 295 at 303, 60 S.Ct. 238, 84 L.Ed. 281 et seq. (1939).

Accordingly, the order of the Referee of May 28, 1964, the subject of the Various Claimants' petition for review, should be and is hereby adopted and confirmed. The Clerk shall enter a separate judgment in accordance with Rule 58 of the Rules of Civil Procedure.

## II.

*Petition for Review Filed by First National Bank of Clinton, Missouri*

Most of the facts were stipulated in regard to this petition for review. Additional testimony was received at a hearing. On the basis of the evidence the Referee made special and detailed findings of fact concerning a Reserve Account established by bankrupt at the claimant bank; concerning thirteen chattel mortgages given claimant on used cars owned by bankrupt; concerning other actions taken by bankrupt in regard to other creditors, which the Referee found to sustain the existence of a pre-arrangement between claimant and such other creditors together with the bankrupt in regard to all the transactions taken by each that occurred shortly before bankruptcy, all of which the Referee found to have been done in concert and in disregard of the rights of general creditors; and concerning claimants' action in regard to one car covered by claimant's

floor plan mortgage that it permitted GMAC to pick up and keep.

The Referee, on the basis of his detailed findings of fact, concluded that:

That under the evidence and these findings, claimant received illegal, void, voidable and fraudulent preferences, liens, conveyances, transfers, assignments and encumbrances of bankrupt's money and property totalling $10,630.89, in fraud of creditors, as hereinafter detailed, for antecedent debts, within four months prior to bankruptcy, with knowledge of bankrupt's insolvency or with reasonable grounds to believe that bankrupt was insolvent, knowing that it was being or would be preferred thereby and that thereby bankrupt was or would be rendered unable to continue in business in violation of Sections 60 and 67 of the Bankruptcy Act (11 USCA Secs. 96 and 107), to-wit:

(a) Claimant's unlawful set-off of its floor-plan obligations against bankrupt's "Reserve Account," a special purpose account, in the sum of $2625.89;

(b) Money received by claimant from the sale of 11 cars which it repossessed at night as stated supra, and which it sold for $6790.00;

(c) The loan value of the car floor-planned with claimant which claimant voluntarily allowed GMAC to pick up and keep under an inferior chattel mortgage in the sum of $1215.00;

That the premises considered, it is hereby:

ORDERED AND ADJUDGED: That First National Bank of Clinton be and it is hereby ordered and directed to turn over, surrender and pay to Vance Julian, Trustee herein, the sum of $10,630.89.

The petition for review attacks the findings of fact made by the Referee as being unsupported by the evidence and contrary to the evidence submitted by claimant.

As in the case of first petition for review discussed above, we have reviewed the evidence adduced in connection with the turn-over proceeding against the First National Bank of Clinton in accordance with the command of General Order in Bankruptcy No. 47.

The fact that the briefs filed with this Court in connection with this particular petition for review do not cite a single case (claimants' did cite 9 C.J.S. Banks and Banking § 303 on page 7 of its brief) indicates that claimants' arguments are factual rather than legal.

We are convinced that the Referee's findings of fact and the inferences he made from those facts are supported by substantial evidence. It therefore cannot be fairly said that such findings are "clearly erroneous" within the meaning of General Order in Bankruptcy No. 47. We further determine that the applicable law was correctly applied by the Referee.

Accordingly, the Referee's order of June 10, 1964 relating to the First National Bank of Clinton should be and is hereby adopted and confirmed. The Clerk shall enter a separate judgment in accordance with Rule 58 of the Rules of Civil Procedure.

### III.

*Petition for Review Filed by The Farmers Bank of Clinton, Missouri*

The pattern of the petition for review filed by The Farmers Bank of Clinton is generally the same as that filed by the First National Bank of Clinton. Based on a lengthy stipulation and upon oral testimony the Referee made detailed findings of fact from which he concluded that:

That under the evidence and the foregoing findings claimant received void, voidable and fraudulent preferences, liens, conveyances, transfers, assignments and encumbrances from the bankrupt totalling $25,000.00 as hereinafter set forth for antecedent debts, within four

months prior to bankruptcy, with knowledge of bankrupt's insolvency or with reasonable grounds to believe that bankrupt was insolvent, knowing that it was being or would be preferred thereby, to-wit:

(a) The $12,000.00 May, 1959, loan held by claimant as a general unsecured creditor on which bankrupt paid claimant the sum of $9000.00;

(b) The $16,000.00 June, 1959, loan held by claimant as a general creditor which bankrupt paid to claimant in full by the transfer of money and property as aforesaid, the sum of $16,000.00—total $25,-000.00; that after consideration of all the evidence presented and upon the aforesaid findings, it is hereby

ORDERED AND ADJUDGED:

That Farmers Bank of Clinton be and it is hereby order and directed to turn-over, surrender and pay to Vance Julian, Trustee herein, the sum of $25,000.00;

That upon complying with said order pursuant to Section 57 of the Bankruptcy Act (11 U.S.C.A. Sec. 93), the claim of said Farmers Bank of Clinton be and the same is hereby allowed, subject, subordinated and inferior to the rights of general creditors of this estate; and

That if said Farmers Bank of Clinton does not comply with the aforesaid order to pay said $25,-000.00, then the claim of said Farmers Bank of Clinton be and the same is hereby disallowed.

We have studied the record and the cases cited by both parties. We are convinced that the findings of fact and inferences made and drawn by the Referee are supported by substantial evidence and that such findings cannot be said to be "clearly erroneous" within the meaning of General Order in Bankruptcy No. 47. We are of the opinion that the Referee correctly applied the law.

Accordingly, the Referee's order of June 10, 1964, relating to the Farmers Bank of Clinton should be and is hereby adopted and confirmed. The Clerk shall enter a separate judgment in accordance with Rule 58 of the Rules of Civil Procedure.

IV.

*Petition for Review Filed by Commercial Credit Corporation*

An entirely different situation exists in regard to the petition for review filed by Commercial Credit Corporation.

The Referee did not follow the same procedure in connection with his orders of May 28, 1964 that are the subject of that petition for review as he followed in connection with the orders involved in three other petitions for review here involved.

The Referee did not make any findings of fact before he entered the orders involved in Commercial Credit Corporation's petition for review until after those orders had been entered. The Referee's failure to comply with General Order in Bankruptcy No. 47 and with Rule 52(a) of the Rules of Civil Procedure, made applicable to bankruptcy proceedings by General Order in Bankruptcy No. 37, requires that the matters involved in Commercial Credit Corporation's petition for review be recommitted to the Referee with instructions for the reasons we shall now state.

In In re Cox, supra, we discussed but one facet of General Order in Bankruptcy No. 47. The procedures followed by the Referee in connection with the two orders involved in Commercial Credit Corporation's petition for review require that we discuss another facet of that General Order in Bankruptcy and the applicability of Rule 52(a) of the Rules of Civil Procedure to bankruptcy proceedings by virtue of General Order in Bankruptcy No. 37.

We start, of course, from the factual base that the order of reference of the present bankruptcy proceeding did not contain any special or general direction that the Referee should not set forth his findings of fact and conclusions of law. General Order in Bankruptcy No. 47

authorizes such an order but no such order was entered in this case.

The Referee's "Order on Trustee's Amended Objections to Allowance of Commercial Credit Corporation's claim and the Trustee's Second Amended Petition for Order to Show Cause," the first order subjected to Commercial Credit Corporation's petition for review, stated:

The Commercial Credit Corporation's Proof of Claim and Alternative Proof of Claim, the Trustee's Amended Objections thereto, the Trustee's Second Amended Petition for Order to Show Cause, and the Order to Show Cause directed to Commercial Credit Corporation made pursuant thereto, and the Commercial Credit Corporation's Answer to said Order came on for hearing on February 27, 1964; Vance Julian, Trustee herein, appearing in person and by his attorneys Phineas Rosenberg and Barkley M. Brock, and Commercial Credit Corporation appearing by T. Bailey Mourning, its Area Manager, and Charles F. Lamkin, Jr., its attorney, and the aforesaid proceedings having been submitted by the parties hereto on Stipulation of Facts and by oral testimony, and the court having duly considered the submission made and being fully advised, does hereby find:

1. That between July 1 and July 13, 1959, and within four months prior to bankruptcy, Commercial Credit Corporation received void, voidable and fraudulent preferences, liens, conveyances, transfers, assignments and encumbrances from bankrupt totaling $26,538.61 for an antecedent debt with knowledge of bankrupt's insolvency and that it was being preferred thereby, consisting of the following:

(a) Daniel H. and Mary Lou Anderson note for $425.00 dated June 29, 1959, secured by chattel mortgage on 1956 Oldsmobile numbered 568K13621;

(b) John K. Pate retail sales contract for $2970.00 dated June 29, 1959, for 1959 Oldsmobile numbered 597K16968;

(c) Ernie A. Fisher retail sales contract for $3385.00 dated June 29, 1959, for 1959 Oldsmobile numbered 599K06739;

(d) Applying bankrupt's reserve account totaling $9397.00 to its antecedent debt to which Commercial Credit Corporation had no right, title or interest under the "Retail Finance and Reserve Agreement" as against the creditors of this estate;

(e) Oscar Polzin retail sales contract for $4296.37 dated July 2, 1959 for 1959 Oldsmobile numbered 597K15360;

(f) J. B. Hall retail sales contract for $5118.01 dated July 3, 1959;

(g) James Floyd Postlethwait retail sales contract for $737.16; and

(h) The credit of $210.07 applied by it against bankrupt's shortage to Commercial Credit Corporation arising on July 7, 1959, as an excess in the transaction involving the sale of 1959 Cadillac numbered 59K104330;

2. That on July 8, 1959 (within four months prior to bankruptcy) Commercial Credit Corporation received and acquired from bankrupt by replevin proceedings void, voidable and fraudulent preferences, liens, conveyances, transfers, assignments and encumbrances consisting of 28 new and used automobiles, specifically listed in the evidence presented here, which Commercial Credit Corporation sold for $73,786.51; that Commercial Credit Corporation received the same on an antecedent debt when it knew that the bankrupt was insolvent and that it was being preferred thereby.

3. That no part of the aforesaid sums of $26,538.61 and said $73,-786.51 so obtained and received by Commercial Credit Corporation, as aforesaid, has been turned over or surrendered to the Trustee herein;

that unless and until Commercial Credit Corporation turns over or surrenders such sums to the Trustee pursuant to and in compliance with the provisions and requirements of Section 57 of the Bankruptcy Act (11 USCA, Sec. 93), the aforementioned claims of Commercial Credit Corporation should be and stand disallowed but upon the turn-over and surrender thereof in compliance with said Section 57, Commercial Credit Corporation may present its then existing claim to this court for consideration and allowance. It is accordingly

ORDERED AND ADJUDGED: That Commercial Credit Corporation be and it is hereby ordered and directed to turn over, surrender and pay to Vance Julian, Trustee herein, the aforesaid sums totalling $100,-325.12; and that upon said Commercial Credit Corporation complying therewith, as hereby ordered, said Commercial Credit Corporation may file and present its then existing claim to this court for consideration and allowance, otherwise the aforementioned claims heretofore filed herein be and the same are hereby disallowed.

The Referee's "Order on Commercial Credit Corporation's Motion to Vacate Order entered December 11, 1963", the second order subjected to Commercial Credit Corporation's petition for review, stated:

The Motion To Vacate Order filed herein by Commercial Credit Corporation directed to this court's Order Approving Compromise made in this cause on December 11, 1963, having been duly considered, it is hereby

ORDERED that the aforesaid Motion to Vacate Order be and the same is hereby denied and that this court's Order Approving Compromise be and the same is and shall remain in full force and effect as entered on December 11, 1963.

After holding some sort of a hearing subsequent to the entry of those two orders, but before the petition for review was filed, the Referee prepared and filed his certificate on Commercial Credit Corporation's petition for review, as required by Section 39, sub. a(8) of the Bankruptcy Act (11 U.S.C.A. § 67, sub. a(8)). That section provides that:

§ 39. *Duties of Referees.* a. Referees shall * * * (8) prepare promptly and transmit to the clerks certificates on petitions for review of orders made by them, together with a statement of the questions presented, the findings and orders thereon, the petition for review, a transcript of the evidence or a summary thereof, and all exhibits;.

After a statement of five questions presented by the petition for review, the Referee's Certificate contained a fourteen page section entitled "Evidence and Findings Thereon."

The data contained in that section of the Referee's Certificate cannot be said to be the findings of fact required of a Referee by General Order in Bankruptcy No. 47 and Rule 52(a) of the Rules of Civil Procedure. The section of the certificate entitled "Evidence and Findings thereon" was not written until long after the order of May 28, 1964 had been entered.

Nor can that section of the Referee's certificate be said to be a "summary [of the] transcript of the evidence" within the meaning of Section 39, sub. a(8) because, on its face, it purports to make findings of fact and to state conclusions of law in regard to the two orders entered some four months earlier.

On page 10 of the Trustee's brief it is stated: "In the Referee's aforementioned order dated May 28, 1964, and in the Referee's Certificate On Petition For Review Filed by C.C.C., the Referee carefully detailed and digested the pleadings, the issues, the oral evidence, the stipulated and admitted facts and then made his findings of fact which he supported with record references." (p. 10 Trustee's brief).

As is apparent from the Referee's orders of May 28, 1964, which we have set forth in full, the Referee did not detail and digest the pleadings, issues, the oral evidence, the stipulated and admitted facts in those orders. Nor did he make in those orders anything other than findings of ultimate facts in highly conclusory language.

In recognition of the necessity to legitimate the findings of fact the Referee attempted to make in his certificate above, the Trustee suggests, again on page 10 of his brief, that:

> Both the order now under review and the Referee's said certificate are to be considered. See In re D.I.A. Sales Corporation, 339 F.2d 175, l. c. 180, par. 7. (CA–6).

We do not believe that suggestion is tenable. We recognize, of course, that In re D.I.A. Sales Corporation, 6 Cir., without the citation of any authority, apparently holds that:

> We find no merit in appellant's contention that the order of the referee was defective in that it failed to set forth his findings of fact and conclusions of law. In the first footnote we have quoted from the findings of fact and conclusions of law contained in the referee's certificate on the petition for review. We hold that the certificate of the referee contained adequate findings of fact and conclusions of law and that it was not necessary for him to set forth these same findings and conclusions in the order. (339 F.2d 180).[1]

If In re D.I.A. Sales Corporation and In re Berman & Company represent the considered rule of decision in the Sixth Circuit, we must respectfully refuse to follow those cases. Whatever may be the rule in the Sixth Circuit we are convinced that the settled rule of decision in the Eighth Circuit requires that the matters involved in the Commercial Credit Corporation's petition for review be recommitted to the Referee with instructions that he comply with the requirements of General Order in Bankruptcy No. 47 and Rule 52(a) of the Rules of Civil Procedure. We now state our reasons.

General Order in Bankruptcy No. 47 provides:

> Unless otherwise directed in the order of reference the report of a referee * * * shall set forth his findings of fact and conclusions of law, and the judge shall accept his findings of fact unless clearly erroneous. The judge after hearing may adopt the report or may modify it or may reject it in whole or in part or may receive further evidence or may recommit it with instructions.

Any question as to whether a Referee is required to "set forth his findings of fact and conclusions of law" in connection with orders other than a special report under a special reference [2] is removed by General Order in Bankruptcy No. 37 and Rule 52(a) of the Rules of Civil Procedure. The former provides:

> In proceedings under the Act the Rules of Civil Procedure for the District Courts of the United States shall, in so far as they are not incon-

---

1. See also In re Berman & Company, 6 Cir. 1965, 343 F.2d 125, at 126, where, apparently, and again without the citation of any authority, the Sixth Circuit approved the inclusion of findings of fact and conclusions of law in a referee's certificate. In re D.I.A. Sales Corporation was cited in that case, in connection, however, with another proposition.

2. See the first full paragraph in the second column of Referee Heisey's Comment in 35 Journal of the National Association of Referees in Bankruptcy, p. 39 (April, 1961), to which Judge Blackmun directed attention in footnote 1 on page 4 of his opinion in O'Rieley v. Endicott-Johnson Corporation, 8 Cir. 1961, 297 F.2d 1, where some question is raised. We agree with much of what Referee Heisey stated in his comment concerning the Eighth Circuit rule except for the paragraph noted. We believe, however, that the applicability of Rule 52(a) makes the point raised in the cited paragraph a moot question.

sistent with the Act or with these general orders, be followed as nearly as may be. But the court may shorten the limitations of time prescribed so as to expedite hearings, and may otherwise modify the rules for the preparation or hearing of any particular proceeding.

And Rule 52(a) consistently provides in part that:

In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment; * * *. Requests for findings are not necessary for purposes of review. Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses. * * * If an opinion or memorandum of decision is filed, it will be sufficient if the findings of fact and conclusions of law appear therein.

The Eighth Circuit recognized at an early date that "the referee, unless otherwise directed, 'shall set forth his findings of fact and conclusions of law.'" Arkansas Oil & Mining Co. v. Murray Tool & Supply Co., 8 Cir. 1942, 127 F.2d 564 at 566. See also Trautwein v. Mendel, 8 Cir. 1942, 127 F.2d 567 at 569, where it was recognized that under General Order in Bankruptcy No. 47, "there must be findings of fact and conclusions of law made by the referee and covering the essential issues."

■ In United States Machinery Movers v. Beller, 8 Cir. 1960, 280 F.2d 91 at 94, the Eighth Circuit expressly held that "Rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., (which, by virtue of General Order in Bankruptcy 37, is applicable to proceedings under the Bankruptcy Act) requires that the court shall find the facts specially and state its conclusions of law thereon." Of course, the word "court" in that quotation refers to the Referee. Under a general reference, the Referee, by definition,

acts as a court; not as some sort of special master. See Section 1(9) of the Bankruptcy Act (11 U.S.C.A. § 1(9)) which provides that " '[c]ourt' shall mean the judge. or the referee of the court of bankruptcy in which the proceedings are pending."

The late Judge Sanborn further stated in United States Machinery Movers that:

Our understanding is that a district judge, called upon to review a referee's order, is entitled to have from the referee an adequate and accurate statement of the facts and the law upon which he relied in making his order. It is also our understanding that, when an appeal is taken from an order such as that here involved, this Court must have a record which discloses the exact factual and legal basis for the order under review. See and compare, In re Rockford Baseball Club, Inc., 7 Cir., 201 F.2d 685; In re Cesari, 7 Cir., 217 F.2d 424, 427–428.

In re Rockford Baseball Club, 7 Cir. 1953, 201 F.2d 685, cited with approval by the Eighth Circuit in United States Machinery Movers, involved a case in which the referee made no specific findings of fact. After holding that Rule 52(a) was made applicable to bankruptcy proceedings by General Order in Bankruptcy No. 37, and after referring to General Order in Bankruptcy No. 47, that case held, 201 F.2d at page 686:

This court has many times held that a fair compliance with Rule 52 (a) is mandatory. While findings in elaborate detail are neither required nor desirable, "They should be so explicit as to give the reviewing court a clear understanding of the basis of the trial court's decision * * * and to enable it to determine the ground upon which the trial court reached its conclusion." Maher v. Hendrickson, 7 Cir., 188 F.2d 700, 702.

In re Rockford Baseball Club emphasized that the making of ultimate findings of fact without also making supporting subsidiary findings of fact is

meaningless and that the making of ultimate findings alone does not comply either with General Order in Bankruptcy No. 47 or with Rule 52(a) of the Rules of Civil Procedure.

That court held that what the Supreme Court said concerning the duties of a District Court in regard to making findings of fact is applicable to the findings that must be made by a Referee. Quoting from Kelley v. Everglades Drainage District, 319 U.S. 415 (1943) at 421–422, 63 S.Ct. 1141, 87 L.Ed. 1485, that court held, 201 F.2d at page 687:

> [I]t is not the function of this [reviewing] court to search the record and analyze the evidence in order to supply findings which the trial court [referee] failed to make. * * the nature of the evidentiary findings sufficient and appropriate to support the court's [referee's] decision * * * is for the trial court [referee] to determine in the first instance in the light of the circumstances of the particular case. We hold only that there must be findings * * * which are sufficient to indicate the factual basis for the ultimate conclusion. (brackets ours.)

The appropriate action to be taken by a District Court in a case in which the Referee fails to comply with General Order No. 47 and Rule 52(a) was stated as follows:

> The order of the District Court is reversed and the cause remanded, with directions that the cause be remanded to the referee in bankruptcy with instructions that the referee make appropriate findings of fact, in conformity with this opinion, and then state his conclusions of law thereon.

See also In re Cesari, 7 Cir. 1954, 217 F.2d 424, the second case cited with approval by the Eighth Circuit in United States Machinery Movers, in which the cause was reversed and remanded to the District Court with instructions to remand to the Referee in order that his failure to make both ultimate and subsidiary findings be corrected. And see O'Rieley v. Endicott-Johnson Corporation, 8 Cir. 1961, 297 F.2d 1, in which the Eighth Circuit reiterated that "[i]t has been held specifically that Rule 52(a) applies to bankruptcy proceedings," citing and relying on both United States Machinery Movers and In re Rockford Baseball Club.

The decision in Endicott-Johnson Corporation underlines the paramount importance of a referee's findings of fact. That case resolved any doubt that may have existed "that in this circuit the clearly erroneous standard is to be applied to the referee's findings and not to those of the district court." See also and compare Standard Electronics Corporation v. Kenneally, 8 Cir. 1964, 336 F.2d 394 at 396. The prime importance of a referee's findings of fact and the pattern for review of those findings is now firmly established in the Eighth Circuit by the cases just cited.

Under General Order in Bankruptcy No. 47 the District Court is required to accept a referee's findings of fact unless it determines that such findings are clearly erroneous. And the Court of Appeals, by virtue of Rule 52(a), is enjoined from setting aside the referee's findings of fact unless it finds that such findings are clearly erroneous. It is obvious that a referee's findings of fact, both ultimate and subsidiary, are the very foundation upon which the proper administration of the Bankruptcy Act rests and that anything short of full and careful compliance with the rules may not be justly countenanced.

The rationale of In re Peoria Braumeister Co., 7 Cir. 1943, 138 F.2d 520, illustrates the reason why a referee's duty to make findings of fact is not discharged by an attempt to include findings of fact in the certificate required by Section 39, sub. a(8) of the Bankruptcy Act (11 U.S.C.A. § 67, sub. a(8)).

In that case the referee did make some findings of fact and stated certain conclusions of law in support of his order disallowing a secured claim. A petition for review was promptly filed. The ref-

eree, some five months later, attempted to make additional findings of fact by including them in his certificate on the petition for review. In the District Court the petitioner for review unsuccessfully moved to strike the additional findings made in the referee's certificate and appealed.

The Court of Appeals held that the motion to strike should have been granted because "it was improper for the referee to make additional findings of fact in his certificate after the petition for review had been filed" (138 F.2d at 522). In explanation of its holding, that court stated:

> Neither § 39, sub. a(8) of the Bankruptcy Act, 11 U.S.C.A. § 67, sub. a(8), nor § 39, sub. c, 11 U.S. C.A. § 67, sub. c, * * * contemplates that a referee may make additional findings of fact some five months after a petition for review has been filed. Instead, § 39, sub. c, requires that the petition for review set forth the alleged errors committed by the referee. This is obviously impossible if the referee is allowed to make additional findings after the petition is filed. (138 F.2d at 522).

For the reasons stated we find that the Referee was not authorized by law to make any findings of fact in his certificate and therefore we refuse to review the findings of fact made in the certificate filed by the Referee in connection with Commercial Credit Corporation's petition for review. We expressly refuse to follow what is apparently the rule of decision of the Sixth Circuit as stated in In re D.I.A. Sales Corporation and apparently applied in In re Berman & Company because we are of the opinion that such a rule ignores the controlling force of General Orders in Bankruptcy Nos. 47 and 37, and Rule 52(a) of the Rules of Civil Procedure.

Therefore, and pursuant to General Order No. 47, we recommit the matters involved in Commercial Credit Corporation's petition for review to the Referee for further proceedings consistent with this memorandum and order and the instructions we now state.

The Referee is instructed to "find the facts specially and [to] state separately its conclusions of law thereon and [to] direct the entry of the appropriate judgment" in connection with the orders which were the subject of Commercial Credit Corporation's petition for review, all in compliance with Rule 52(a) of the Rules of Civil Procedure.

The Referee is instructed to conduct appropriate proceedings in order that the record be clear in regard to the evidence adduced at the June 8, 1964 hearing and in regard to the depositions taken in Cases Nos. 12427–1 and 12439–1 that pended earlier in this Court.

We have read the exhibits and the depositions that are apparently a part of the record, and without expressing any opinion in regard to the testimony contained therein, we do indicate that it is our judgment that a great deal of relevant evidence is contained in those exhibits and depositions to which no reference has been made either by the Referee or the parties.

As we have indicated above, we believe the Referee is required not only to make ultimate findings of fact but that he is also required to make sufficient subsidiary findings so that the theory and rationale upon which the Referee's orders are based is made apparent. He is instructed to do so.

The Referee is further instructed that his conclusions of law shall not only be stated separately but that they shall also be stated in sufficient detail for the reviewing courts to fully understand exactly what case authority and sections of the Bankruptcy Act are involved and relied upon and to understand the rationale of the Referee's application of the law to the facts as he shall find them.

The Referee is to understand, of course, that he may, in accordance with Rule 52(a), file an opinion or a memorandum of decision and that such shall be considered to be sufficient if the

requisite findings of fact and conclusions of law appear therein.

The Referee is also to understand that nothing we have said is to be taken to prevent him from requiring counsel to prepare and submit to him suggested findings of fact and suggested conclusions of law, supported by specific references to the record and by citation of appropriate legal authority to aid him in the discharge of his duty. See discussion of Findings of Fact, Conclusions of Law and Judgment, Seminar on Practice and Procedure, 28 F.R.D. at 268–282. See also Carter and Wagner: Findings of Fact, II Modern Practice Commentator 109 (August, 1964), particularly at 122, where bankruptcy proceedings are discussed.

Indeed, the Referee may find it desirable to require counsel to file additional briefs on specific points not heretofore briefed either before him or this Court. The impact, if any, of the case of Commercial Credit Corporation v. Blau, (Mo. Sup.Ct.1965) 393 S.W.2d 558, is an example of such a specific point. Our instructions are not intended to prohibit such action.

Consideration of that case may, we do not rule that it does, require the detailed analysis of additional portions of the record not heretofore analyzed by either party. And it may even require the taking of additional testimony. What we have said here is not to be considered as any limitation upon the Referee to so proceed should he believe it necessary to do so.

In fact, if we were the Referee in this case, upon receiving the case back on remand, we would order a pre-trial conference pursuant to Rule 16 of the Rules of Civil Procedure, in order to simplify and identify the real issues, both factual and legal. We would also probably require that the parties stipulate many of the ultimate facts about which there is obviously no dispute. Those matters, of course, are matters for the Referee to determine. We mention them only to make clear that our recommitment instructions do not prohibit such procedure.

For the reasons stated, and pursuant to General Order in Bankruptcy No. 47, the matters involved in Commercial Credit Corporation's petition for review should be and are hereby ordered recommitted to the Referee with instructions that he proceed further in accordance with the instructions stated herein.

The Clerk shall enter a separate judgment in accordance with Rule 58 of the Rules of Civil Procedure.

